IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
SUZANNE R. ROBINSON, et al.,     )
                               )
              Plaintiffs,    )
                               )    Civil Action No. 1:07-cv-00153 (RWR/DAR)
          vs.               )    Next Action: Deadline for Plaintiff's 26(a)(2)
                               )               November 11, 2007
ELI LILLY AND COMPANY,      )
                               )
              Defendant.   )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFF'S OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S
MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS**

COME NOW Plaintiffs Suzanne R. Robinson and Joseph L. Robinson, through counsel, and opposes Defendant Eli Lilly and Company's ("Defendant" or "Lilly") Motion to Transfer to the District of Massachusetts, and as grounds therefore states:

**I.    INTRODUCTION**

Diethylstilbestrol ("DES") litigation is entering its third decade in the District of Columbia. Defendant's motion to transfer exaggerates the inconvenience of this forum as well as the convenience of alternative forums. Unable to provide any evidence that witnesses or evidence will be actually unavailable (contrary to the practice in DES cases over the last twenty years) in the District of Columbia, Defendant introduces a vague laundry list of mostly insignificant contacts in an attempt to give Massachusetts the appearance of centrality to the evidence and witnesses in this case. On closer examination, there is no center to the key witnesses in this case and no real inconvenience shown by choosing District of Columbia over any other:

1) Plaintiffs Suzanne Robinson and Joseph Robinson, as well as their child, live in Cheshire, Connecticut. Both Plaintiffs are in good health and willing to submit to deposition at the office of Defendant's counsel in the District of Columbia without a subpoena, on penalty of dismissal.

2)  Drs. Sean Flaherty and Antonio Asis, located in New Haven, Connecticut.  Drs. Flaherty and Asis treated Suzanne Robinson for her incompetent cervix and the complications of pregnancy including premature delivery caused by Defendant's DES.  Dr. Flaherty has agreed to testify on behalf of Plaintiffs, and is available for deposition or trial without a subpoena.  There is no reason to believe that either doctor would attempt to avoid testifying at deposition or trial.

3)  The records of Drs. Flaherty and Asis's medical treatment are located both at their practice in New Haven or at the Yale – New Haven Hospital, also in New Haven, Connecticut. Defendants have already received all relevant medical records from Drs. Flaherty and Asis and the Yale – New Haven Hospital.

4)  Prior to Suzanne Robinson's consultation of Drs. Flaherty and Asis, her gynecologist was Dr. Brian Sheets, located in Stamford, Connecticut.[1]  Dr. Sheets has information about Suzanne Robinson's health prior to her pregnancy.  There is no evidence that Dr. Sheets is unwilling to testify in the absence of a subpoena.  Furthermore, Dr. Sheets, like Drs. Flaherty and Asis, is available by telephone to Defendant's counsel both formally and informally.

5)  Between 1993 and 2002, Suzanne Robinson's gynecologist was Dr. Kermit Kenler in Springfield, Massachusetts.  It is unclear what information Dr. Kenler will provide that is not duplicative of Drs. Sheets, Flaherty, and Asis; regardless, there is no evidence that Dr. Kenler will have to be compelled to testify in this matter.

6)  Prior to 1993, Suzanne Robinson's gynecologist was Dr. Aleli Villanueva in West Springfield, Massachusetts.  Dr. Villaneuva has no current knowledge of Ms. Robinson's health and has no information relevant to the injuries complained of in this suit.  There is no evidence that a subpoena is necessary to achieve Dr. Villanueva's testimony.

---

[1] Stamford, Connecticut is outside the hundred-mile subpoena range of any Massachusetts court.

7)  Suzanne Robinson was born in 1966 at the Wesson Women's Hospital in Springfield, Massachusetts.  Plaintiffs have already retrieved all medical records that Plaintiff believes relevant and provided copies to Defendant.  Furthermore, Plaintiffs have provided medical record authorizations to Defendant in order to retrieve further records should Defendant find it necessary.  Upon information and belief, Defendant has not been stymied in any request for records from the Wesson Women's Hospital.

8)  Upon information and belief, the doctors who prescribed DES to Suzanne Robinson's mother in Massachusetts are deceased, and therefore unavailable in any jurisdiction.

9)  Suzanne Robinson's parents live in Longmeadow, Massachusetts.  While Mr. and Mrs. Rioux's testimony will be important regarding the issues of exposure to DES and product identification, both of them are in good health.  Plaintiffs obligate themselves to provide these witnesses at any location Defendant designates, without a subpoena, upon pain of dismissal.

10) Lilly is an Indiana corporation with its principal place of business in Indiana.  The vast majority of the documents regarding Lilly's development and sale of its DES product, including documents critical to product identification and liability, are in Indianapolis at Lilly's corporate headquarters.

11) The seeds of the DES tragedy were sown in the District of Columbia when Lilly and a number of other pharmaceutical manufacturers met to discuss a joint effort for FDA approval of DES.  See Appendix 9.

12) While expert witnesses have not yet been identified in this case, many expert witnesses regarding DES liability remain the same from case to case.  To a great extent, the fundamental issues of this case will be tried by these experts.  Dr. Falk, one of Plaintiff's liability experts, and Dr. Albrecht, one of Defendant's, both reside in Maryland, within the subpoena power of the

District of Columbia. Defendant's expert Dr. Brian Little resides in New Jersey, and Plaintiff's expert Dr. Brian Strom resides in Pennsylvania. Plaintiff's expert Dr. John Hefferren, whose testimony is highly relevant to product identification, resides in Kansas. All of these experts have been deposed previously, and their opinions are well-known to both parties.

It is Defendant's burden to show that key witnesses would be inconvenienced by the maintenance of this case in the District of Columbia, but it can do nothing more than speculate. This case should stay in the District of Columbia.

## II.   CASES WITH MULTI-STATE CONTACTS GENERALLY REMAIN IN THE DISTRICT OF COLUMBIA

A court judges a motion to transfer on a case-specific basis. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The present case is one where the Plaintiff resides in Connecticut, her mother lives in Massachusetts, and the most relevant doctors to her case are in Connecticut. These are important contacts regarding different parts of the case – Plaintiff's mother establishes exposure, Plaintiff's doctors go to causation. Liability will be established by expert witnesses; three of whom - two for Plaintiffs, one for Defendant - reside in Maryland.

When a DES case has connections to multiple locations, transfer against the wishes of the plaintiff is generally improper. See Ingram v. Eli Lilly and Co., 251 F. Supp. 2d 1, 5 (D.D.C. 2003). Courts in this district have followed that reasoning. See Dimanche v. Eli Lilly and Co., Civil Action No. 03-0236 (D.D.C. Oct. 17, 2003), mem. op at 1, App. 1 (exposure in Connecticut, plaintiffs in Massachusetts); Coy v. Eli Lilly and Co., Civil Action No. 01-1072 (D.D.C. Jan 23, 2002); selection from Memorandum of Points and Authorities in Support of Eli Lilly and Company's Motion to Transfer at 4, mem. op. at 1, attached as Appendix 2 (exposure in Pennsylvania, Plaintiff in Florida); Fastino v. Eli Lilly and Co., Civil Action No. 02-02210 (D.D.C. Oct. 8, 2003), mem. op. at 1, App. 3 (exposure in Massachusetts, plaintiff in Rhode

Island); <u>Bailer v. Eli Lilly and Co.</u>, Civil Action No. 02-1654 (D.D.C. Apr. 17, 2003), App. 4 (plaintiff born and lived in Ohio, but infertility treatment in North Carolina); <u>Sumrall v. Eli Lilly and Co.</u>, Civil Action No. 01-0670 (D.D.C. Oct. 28, 2002) (exposure in Louisiana, plaintiff in Texas), as App. 5.  Even if the connection to the District of Columbia is tenuous, when there are witnesses in a number of jurisdictions, transfer is improper.  <u>See Kroger v. Legalbill.com LLC</u>, Civil Action No. 04-2189, 2005 U.S. Dist. LEXIS 42885 at *40 (D.D.C. 2005) (finding that the District of Columbia was a more convenient forum than Tennessee, even though the defendant, witnesses, and documents were in Tennessee, because other witnesses were in Europe).

Defendant's cited cases of <u>Thompson v. Eli Lilly and Co.</u>, Civil Action No. 03-122 (D.D.C. June 27, 2003), as Def's Exh. 3A; <u>Abramson v. Eli Lilly and Co.</u>, Civil Action No. 03-2541 (D.D.C. Oct. 25, 2004), as Def's Exh. 3B; <u>Lentz v. Eli Lilly and Co.</u>, Civil Action No. 06-1374 (D.D.C. Dec. 18, 2006), as Def's Exh. 3C; and <u>McKelvey v. Eli Lilly and Co.</u>, Civil Action No. 06-1820 (D.D.C. Apr. 12, 2007), as Def's Exh. 3D are not applicable to this case as they are all "[u]nlike many of the other DES cases, where relevant witnesses are spread around the country (even the District of Columbia), this case is a case with a single forum that is plainly most convenient for the witnesses."  <u>Abramson</u>, mem. op. at 4.  This is not a case with a single forum, a fact which Defendant admits on pg. 2, n. 1 of its Memorandum when it asks in the alternative to transfer this case to Connecticut.[2]

In <u>Thompson</u>, the plaintiffs, the mother who took DES, and all the physicians were all in Massachusetts.  <u>Thompson</u>, mem. op. at 3.  In <u>Abramson</u>, the plaintiffs, the relevant parents, and the doctors were all in New Jersey.  <u>Abramson</u>, mem. op. at 1.  In <u>Lentz</u>, all the fact witnesses and the plaintiffs lived in Maine.  <u>Lentz</u>, mem. op. at 3.  In <u>McKelvey</u>, plaintiff, her mother, and

---

[2] Plaintiff also opposes transfer to Connecticut as Lilly has not established that Connecticut is a more convenient forum for the same reasons stated in this opposition.

her doctors all lived in California.  McKelvey, mem. op. at 3.  Plaintiffs are in Connecticut, and the witnesses Defendant insinuates it will find unavailable straddle two states.  The simple calculus used in Thompson and its successors does not apply to this case.  Furthermore, courts in this district, taking heed of the Supreme Court's language to consider the facts of each case, have denied transfer even where DES plaintiffs live in the state of their exposure.  See, e.g., Miller v. Eli Lilly and Co., No. 03-896 (D.D.C. May 5, 2004), App. 12; Roing v. Eli Lilly and Co., Civil Action No. 02-2211 (D.D.C. Jan. 2003) (Massachusetts), App. 6; Peterson v. Eli Lilly and Co., No. 01-1404 (D.D.C. Jan. 9, 2002) (Massachusetts), App. 11;  Scaramuzzi v. Eli Lilly and Co., Civil Action No. 01-1095 (D.D.C. Dec. 19, 2001) (Rhode Island), App. 7.  Defendant must do more than set forth citations to make its case.

Unlike Defendant's cited cases, the present case is spread across multiple jurisdictions, and Defendant has presented mere allegations and no evidence that transferring this case to Massachusetts will be more convenient or in the interests of justice.

## II.     DEFENDANT HAS FAILED TO SHOW THAT MASSACHUSETTS IS A MORE CONVENIENT FORUM

It is the burden of the party proposing transfer to show that his forum is more convenient. Ricoh Co. v. Honeywell, 817 F. Supp. 473, 480 (D.N.J. 1993).  Cf. Blank v. Eli Lilly and Co., Civil Action No. 02-1976 (D.D.C. Dec. 13, 2002), mem. op. at 6, App. 8 (cannot assert relative congestion of courts without submitting proof).  Lilly presents nothing more than a list of potential witnesses who do not reside in the jurisdiction.  This is not enough to show that Massachusetts is more convenient.

The burden on a 28 U.S.C. § 1404(a) motion to transfer is not merely a check-off list of what witnesses are where.  Defendant must show that a witness is actually unavailable, rather than generally aver that, since the witnesses are outside the jurisdiction, it will be impossible to

subpoena them. "To support its request for transfer under section 1404(a), a moving party must demonstrate (through affidavits or otherwise) what a non-resident witness will testify to, the importance of the testimony to the issues in the case, and whether that witness is willing to travel to a foreign jurisdiction." Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Resources, Inc., 196 F. Supp. 2d 21, 33 (D.D.C. 2002). Lilly has provided no such evidence in favor of transfer.

Many of the "treating physicians" cited by Lilly as reasons to transfer to the District of Massachusetts are tenuously related to the case. The probative value of Suzanne Robinson's medical care prior to 2002, when she had no health problems and was not trying to get pregnant, is minimal. Therefore, Suzanne Robinson's treating doctors in Massachusetts are simply not important enough to be a factor in this case. The important physicians to Plaintiffs' case, other than the deceased prescribing physicians who are unavailable anywhere, are the physicians in Connecticut, one of whom is outside the subpoena power of the District of Massachusetts.

The convenience of the witnesses "is considered only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Brannen v. National R.R. Passenger Corp., 403 F. Supp. 2d 89, 94 (D.D.C. 2005). See also Trout Unlimited v. United States Dep't of Ag., 944 F. Supp. 13, 16 (D.D.C. 1996). "Mere inconvenience" is not sufficient to justify transfer, even if a witness is out of the subpoena power of the jurisdiction. See Thayer/Patricof, 196 F. Supp. 2d at 34. "When analyzing the convenience of parties and witnesses, a defendant must show that witnesses would be unwilling to testify in the District of Columbia . . . . Otherwise, *it is assumed that the witnesses will voluntarily appear*." Fc Inv. Group Lc v. Lichtenstein, 441 F. Supp. 2d 3, 14 (D.D.C. 2006) (citations omitted, emphasis added); cf. Cell Genesys, Inc. v. Applied Research Sys. ARS Holding N.V., 2005 U.S. Dist. LEXIS 10152 at *14 (D.D.C. 2005) (standard is "demonstrated unavailability"). Lilly's proffer of brief, conclusory statements about

the importance of the witnesses, without any regard to whether or not they are actually unavailable to testify in the District of Columbia, does not meet that standard.  See id. (when "there is little in the record concerning which of the [out of jurisdiction] witnesses would testify voluntarily without having to be subpoenaed" there is no reason to consider them unavailable for purposes of evaluating a motion to transfer).

Even in DES cases, the defendant must specify the witnesses "that will be unavailable for trial" or otherwise demonstrate that there will be an actual deprivation of evidence.  Ingram, 251 F. Supp. 2d at 6.  The standard is "will be" unavailable for trial, not "might be."  While many witnesses reside outside the District of Columbia, there is no proof that any of them will be unavailable or that having them testify in the District rises above "mere inconvenience." Plaintiffs and Suzanne Robinson's parents are healthy and willing to testify absent a subpoena. Dr. Flaherty has agreed to provide expert testimony on Plaintiffs' behalf in this case.  There is absolutely no evidence that any other witness would require a subpoena to testify in this case. Plaintiffs and their counsel will, in this case, ensure the presence of necessary witnesses in the District of Columbia at their expense.

Defendant regularly deposed witnesses by telephone in past DES litigation, and can do so in this case with Plaintiff's cooperation and consent.  Defendant has almost never been required to subpoena a single fact witness in any of the hundreds of DES cases and Plaintiff's counsel will lend its offices in the District of Columbia for the accomplishment of these depositions. Plaintiff's counsel, over the course of hundreds of DES cases, has consistently managed to ensure the presence of witnesses without need for a subpoena.  Past cases in the District of Columbia have established that, given the track record of Plaintiff's counsel, absent a showing that Plaintiff's counsel will not be able to procure the presence of a witness, there is no issue of

unavailability.  See Ingram, 251 F. Supp. 2d at 5; Dimanche, mem. op. at 3, App. 1; Roing, mem. op. at 2, App. 6.

Similarly, regarding documents, there is no reason to believe that some documents are unavailable to Defendant due to the forum.  The same standard of burden – that Defendant must show actual unavailability – applies to documents as it does to witnesses.  See Bohara v. Backus Hospital Med. Benefit Plan, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005).  Documents which are in the possession of counsel or easily transportable to the current forum do not provide support for transfer.  See Thayer/Patricof, 196 F. Supp. 2d at 36.  Plaintiffs provided Defendant with all of their medical records that counsel has been able to retrieve and executed at Defendant's request additional medical record authorizations so that Defendant could request further medical records if it so chooses.  There are, to Plaintiffs' and Plaintiffs' counsel's knowledge, no documents in existence relevant to this case which are not either already in the possession or control of Defendant.  Defendant has provided no evidence otherwise and there should be no inference that documents are unavailable to Defendant.

## III.   OTHER PRIVATE INTEREST FACTORS WEIGH IN FAVOR OF THE DISTRICT OF COLUMBIA

In addition to the fact that Lilly has not established that witnesses will be unavailable, there are private interest factors that weigh in favor of the District of Columbia.  The District of Columbia is more convenient for the expert witnesses of both parties, and there are documents available in the District of Columbia from Lilly's DES promotion here.

District of Columbia Courts repeatedly emphasize that the convenience of expert witnesses is considered in the transfer analysis for DES cases.  See, e.g., Dimanche, mem. op. at 3, app. 1; Roing, mem. op. at 2, App. 6; Fastino, mem. op. at 4-5, App. 3; Thompson, mem. opp.

at 6, Def's Exh. 2A.  Any DES case will require the use of expert witnesses to establish the liability of the defendant, and so their convenience must be given some consideration.

None of the expert witnesses for Plaintiffs or Defendant, who have for years provided the majority of the testimony for the disputed issues in any DES case, are more convenient to the District of Massachusetts.  Plaintiffs' usual state of the art and damages experts include Dr. Richard Falk in Annapolis and Dr. Brian Strom in Pennsylvania.  The Defendant's usual experts include Dr. Melvin Dodson in Florida, Dr. Eugene Albrecht in Baltimore, and Dr. Brian Little in New Jersey.  It is more convenient for these experts to come to the District of Columbia than it is to go to the District of Massachusetts.  A forum is not more convenient if it merely shifts the inconvenience from one set of witnesses to another.  See Doyle v. Unified Sch. Dist. No. 210, Stevens Co., Kan., No. 93-4198, 1994 U.S. Dist. LEXIS 4180 at *4 (D. Kan. March 17, 1994).

The District of Columbia is the location of the original industry-wide promotion of DES. See "Trip Report, Meeting of Representatives of a Group of Drug Manufacturers Interested in Stilbestrol," Appendix 9.  It is also the location of Defendant's application to promote DES. Defendant maintains residence in the District's subpoena jurisdiction of an army of lobbyists and salespeople familiar with the marketing strategies and communications regarding DES. Plaintiffs expect to require discovery of Defendant's actions in promoting DES related to these issues; the coordination of the pharmaceutical manufacturers in the promotion of DES, including the transactions in the District of Columbia, will certainly be an issue in the event of a trial. Courts in this district have previously found Defendant's efforts a relevant connection to the District of Columbia for transfer analysis.[3]  See, e.g., Dimanche, mem. op. at 2, App. 1; Roing,

---

[3] To the extent that Thompson, Def's Exh. 2A, and Lentz, Def's Exh. 2C, are to the contrary, it is because Judge Walton and Judge Huvelle made specific findings with regard to the facts of those cases.  See Thompson, mem. op. at 5 ("no direct connection to *this case*"); Lentz, mem. op. at 4 ("not directly related to *this particular case*") (emphasis added).  As discussed supra, each motion to transfer is decided on its own merits; neither Thompson nor Lentz hold that Defendant's actions in the District of Columbia are *never* enough to be a factor against transfer. Plaintiff maintains that, for this case, she will require discovery of the District of Columbia-based coordination of

mem. op. at 2, App. 6;  <u>Blank</u>, mem. op. at 5, App. 8;; <u>Fastino</u>, mem. op. at 5, App. 3.  Even in <u>Abramson v. Eli Lilly and Co.</u>, cited by Defendant, the court considered Defendant's actions in the District of Columbia a contact in support of continued jurisdiction.  <u>Abramson</u>, mem. op. at 3.

Here, when the contacts to this case are spread out across two states and the District of Columbia, it cannot be said that Massachusetts has exclusive contacts.  Massachusetts is not the most convenient state for the expert witnesses.  It is not the only jurisdiction where documents and witnesses might be found.  The District of Columbia in this case is just not so bereft of contact to this case that it needs to yield jurisdiction.

## IV.    THE PUBLIC INTEREST FACTORS ARE NOT SIGNIFICANT ENOUGH TO TRANSFER THIS CASE TO MASSACHUSETTS

As stated by the court in <u>Ingram</u>, "there is nothing uniquely local about DES litigation." <u>Ingram</u>, 251 F. Supp. 2d at 6.  It is interesting to note that in the non-DES case <u>McClamrock v. Eli Lilly and Co.</u>, Civil Action No. 02-2383, Defendant impressed upon the court that, while the District of Columbia was not a convenient forum for Zyprexa litigation, the history of DES litigation in the District of Columbia, and the regular statute of limitations disputes in DES cases, were adequate reasons to maintain a DES case in this jurisdiction.    <u>See</u> pertinent pages of Eli Lilly's Motion to Transfer in <u>McClamrock</u>, as App. 10.  Courts in this District have found that the number of DES cases that this District has already decided prevent there from being a significant interest in the case leaving this forum.  <u>See</u> <u>Fastino</u>, mem. op. at 5, App. 3.

The District of Columbia is also Defendant's favored forum for DES litigation.  Eli Lilly came from its headquarters in Indianapolis to the District of Columbia in 1982 to sue fourteen of its insurance companies over DES coverage, <u>see</u> <u>Eli Lilly v. Home Ins. Co.</u>, 794 F.2d 710 (D.C.

---

efforts by the drug companies regarding DES, not just Defendant's direct interaction with federal regulatory bodies.

Cir. 1986), even though there was little connection between the insurance transaction and this jurisdiction. Eli Lilly could have sued where it resides and where all the contracts in dispute were written. All the defendants in the case were non-District of Columbia residents. There was no natural connection to the District of Columbia. Nonetheless, Eli Lilly filed in the District of Columbia, and when its insurers filed a motion to transfer to Indianapolis, alleging that Lilly was forum shopping, Eli Lilly opposed by stating:

> Forum shopping is no more evil than any other tactical determination a party makes in its behalf. Any competent lawyer chooses a forum with his or her client's interests in mind. . . .

Eli Lilly's Memorandum in Opposition to Motion to Transfer in Eli Lilly v. Home Ins. Co., p. 14, pertinent parts attached as App. 11.

> . . . Their accusations of 'forum shopping' . . . hope to divert the Court's attention from the relevant considerations of convenience and justice to the irrelevant matter of Lilly's reason for bringing suit in this District . . . Contrary to defendants' assertions, courts have not penalized plaintiffs for selecting forums with favorable laws. The relevant policy considerations are established by Van Dusen v. Barrack [citation omitted], the leading case on the subject, which *actually protects the plaintiff in his right to bring his action in the state in which the law is most advantageous to him*.

Id. at pg. 14 (emphasis partly in original, partly added). Defendant's use of the District of Columbia as a forum has been considered relevant regarding the public interest factors. See Fastino, mem. op. at 4, App. 3.

Furthermore, in numerous past cases, the parties have mediated these cases in front of the Honorable Alan Kay. Magistrate Kay has successfully mediated well over fifty DES cases. Keeping the case here would resolve it most quickly if Judge Kay could mediate and Plaintiffs would be amenable to referring the case for early mediation before him. The availability of Judge Kay has been held as a factor against transfer. See Ingram, 251 F. Supp. 2d at 6.

As for Defendant's contention that Massachusetts law will likely govern the case, that has yet to be determined.[4]  In <u>Blank v. Eli Lilly and Co.</u>, a case where a New Jersey resident was exposed to DES in Massachusetts, the court found that neither Massachusetts nor New Jersey had a strong interest in the controversy, and "it has yet to be determined which state or district's law will govern the dispute." <u>Blank</u>, mem. op. at 6, App. 8.  Therefore, the presumption in favor of a local forum did not inure to Massachusetts.  <u>Id</u>.  Apart from the underlying law, one of the most important issues in any DES case is the statute of limitations.  DES was last prescribed in 1971; whether an action is timely filed depends on interpretation of the District of Columbia's statute of limitations.  A District of Columbia court is in the best position to interpret the District of Columbia statute of limitations.

## V.    CONCLUSION

Defendant has not established either the inconvenience of the District of Columbia or the convenience of Massachusetts.  Defendant has not presented evidence that any of its allegations of unavailability will come to fruition, and further omits that it already has the vast majority of the documents it claims might be unavailable.  Defendant ignores the contacts this case has with this jurisdiction and ignores the convenience of the expert witnesses.  In nearly every DES case where more than one jurisdiction has been implicated, transfer out of the District of Columbia against Plaintiff's wishes has been denied.  There is no reason to depart from the case law here.  Nothing will be accomplished by transfer of this case except a half-year's delay, the harassment of Plaintiffs' counsel's staff, added expense, and the burdening of a second federal judge's docket.

---

[4] Plaintiffs have recently propounded discovery requests on Defendant in order to determine the facts which would underpin the appropriate choice of law analysis.  Any determination of the appropriate choice of law prior to the responses to that discovery would be premature.

For the foregoing reasons, and for such further reasons as will be presented at oral argument, Plaintiffs respectfully request that Defendant's Motion to transfer be denied.

Respectfully submitted,

AARON M. LEVINE AND ASSOCIATES


_____/s/ Aaron M. Levine_____
Aaron M. Levine, #7864
1320 Nineteenth Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

COUNSEL FOR PLAINTIFF

## LCvR 7.1(f) REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(f), Plaintiffs respectfully request an oral hearing on this motion.

/s/ Aaron M. Levine_____
AARON M. LEVINE, #7864

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
SUZANNE R. ROBINSON, et al.,            )
                                        )
                    Plaintiffs,         )
                                        )          Civil Action No. 1:07-cv-00153 (RWR/DAR)
        vs.                             )          Next Action: Deadline for Plaintiff's 26(a)(2)
                                        )                            November 11, 2007
ELI LILLY AND COMPANY,                  )
                                        )
                    Defendant.          )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**AFFIDAVIT OF AARON M. LEVINE, ESQ.**
**AUTHENTICATING DOCUMENTS**

I, Aaron M. Levine, declare under penalty of perjury that the following is true and correct:

1.    Attached as Appendix 1 is a true copy of the order in <u>Dimanche v. Eli Lilly and Co.</u>, No. 03-0236 (D.D.C. Oct. 17, 2003).

2.    Attached as Appendix 2 is a true copy of selections from the Memorandum of Points and Authorities in Support of Eli Lilly and Company's Motion to Transfer and the Order denying same in <u>Coy v. Eli Lilly and Co.</u>, No. 01-1072 (D.D.C. Jan. 23, 2002).

3.    Attached as Appendix 3 is a true copy of the Memorandum Opinion and Order in <u>Fastino v. Eli Lilly and Co.</u>, No. 02-02210 (D.D.C. Oct. 8, 2003).

4.    Attached as Appendix 4 is a true copy of the Order in <u>Bailer v. Eli Lilly and Co.</u>, No. 02-1654 (D.D.C. Apr. 16, 2003).

5.    Attached as Appendix 5 is a true copy of a selection from the Motion of Defendant Eli Lilly and Company to Transfer Action and the Order denying same in <u>Sumrall v. Eli Lilly and Co.</u>, No. 02-670 (D.D.C. Oct. 28, 2002).

6.    Attached as Appendix 6 is a true copy of the Order in <u>Roing v. Eli Lilly and Co.</u>, No. 02-2211 (D.D.C. Jan. 2003).

7.  Attached as Appendix 7 is a true copy of the Motion of Defendant Eli Lilly and Company to Transfer Action and Order denying same in <u>Scaramuzzi v. Eli Lilly and Co.</u>, No. 01-1095 (D.D.C. Dec. 19, 2001).

8.  Attached as Appendix 8 is a true copy of the Memorandum Opinion and Order in <u>Blank v. Eli Lilly and Co.</u>, No. 02-1976 (D.D.C. Dec. 13, 2002).

9.  Attached as Appendix 9 is a true copy of selected pages from American Drug Manufacturers Association, "Trip Report: Meeting of Representatives of a Group of Drug Manufacturers Interested in Stilbestrol" dated January 28, 1941.

10. Attached as Appendix 10 is a true copy of selected pages from Eli Lilly and Company's Memorandum of Points and Authorities in Support of Its Motion Pursuant to 28 U.S.C. §1404(a) to Transfer to the Middle District of North Carolina, <u>McClamrock v. Eli Lilly and Co.</u>, No. 02-2383.

11. Attached as Appendix 11 is a true copy of selected pages from the Motion of Defendant Eli Lilly and Company to Transfer Action and the Order denying same in <u>Peterson v. Eli Lilly and Co.</u>, No. 01-1404 (D.D.C. Jan. 9, 2002).

12. Attached as Appendix 12 is a true copy of selected pages from Defendants' Motion to Transfer to the Northern District of California and of the Civil Docket containing a Minute Order denying same in <u>Miller v. Eli Lilly and Co.</u>, No. 03-896 (D.D.C. May 5, 2004).

I declare under penalty of perjury that the foregoing is true and correct.

                             /s/  Aaron M. Levine
                                  Aaron M. Levine

Dated: July 26, 2007

Appendix 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARRIE DIMANCHE and
STEVE DIMANCHE,

     Plaintiffs,

        v.

ELI LILLY AND COMPANY,

     Defendant.

Civil Action No. 03-0236 (JDB)

## ORDER

Carrie and Steve Dimanche ("plaintiffs") filed this action in the Superior Court for the District of Columbia seeking compensatory and punitive relief for injuries associated with Mrs. Dimanche's alleged in utero exposure to diethylstilbestrol ("DES"). Eli Lilly and Company ("defendant") removed the case to this Court on February 13, 2003. After discovery had begun, defendant moved to transfer the case to the District of Massachusetts, where plaintiffs reside, or alternatively, to the District of Connecticut, where the events giving rise to their injuries allegedly occurred. Following eight other judges of this Court who have denied similar motions in DES cases against defendant, the Court denies defendant's motion to transfer.

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A party seeking a transfer must show that the "balance of convenience of the parties and witnesses and the interest of justice are in [its] favor." Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 323 (D.D.C. 1991) (quoting Consol. Metal

-1-

Prods., Inc. v. Am. Petroleum Inst., 569 F. Supp. 773, 774 (D.D.C. 1983)). Factors to be considered in determining whether to grant a motion to transfer include ease of access to sources of proof, the availability of compulsory process to compel the attendance of unwilling witnesses, the amount of expense for willing witnesses, and other practical aspects of expeditiously and conveniently conducting a trial. See SEC v. Page Airways, 464 F. Supp. 461, 463 (D.D.C. 1978). Furthermore, district courts have a "local interest in deciding local controversies at home." Trout Unlimited v. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996). If the particular controversy has meaningful ties to the plaintiff's chosen forum and the plaintiff is a resident of that forum, the plaintiff's choice is given substantial deference, see Wilderness Soc'y v. Babbit, 104 F. Supp. 2d 10, 12-13 (D.D.C. 2000), and the moving party "bear[s] a heavy burden of establishing that plaintiffs' choice of forum is inappropriate." Pain v. United Tech. Corp., 637 F.2d 775, 784 (D.C. Cir. 1980). But where the lawsuit has no factual nexus with the chosen forum, the plaintiff's election may be accorded less weight. See Piper Aircraft v. Reyno, 454 U.S. 235, 255-56 (1981); Trout Unlimited, 944 F. Supp. at 17; Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).

Here, even if plaintiffs' choice of forum is shown little deference, defendant has failed to demonstrate that the convenience of the parties and witnesses and the interest of justice would be served by a transfer of venue. Plaintiffs' chosen forum is, indeed, neither their home jurisdiction nor the site of the principal events giving rise to their claims. But plaintiffs submit that their claims have a factual nexus to the District of Columbia in that defendant has engaged in lobbying and other efforts to promote DES here. Additionally, while the substantive law of Connecticut will govern this case, plaintiffs note that the case is likely to pose issues of District of

Columbia procedural law. And although many of the fact witnesses reside in Massachusetts or Connecticut, defendant does not dispute that the expert witnesses in this case hail from New Jersey, Alabama, Maryland, Texas, Arkansas, and Pennsylvania. Defendant's motion would be more compelling if the anticipated witnesses were more geographically clustered around the proposed alternative venues. Finally, any concerns about the availability of compulsory process in this jurisdiction are mitigated by the fact that plaintiffs and defendant both have counsel in the District of Columbia experienced in handling this type of litigation, and that those counsel have cooperated in numerous other DES cases here with respect to making witnesses and documents readily available.

Thus, upon consideration of defendant's motion to transfer and plaintiffs' opposition thereto, and having assessed the convenience of the parties and witnesses as well as the interest of justice, it is hereby

ORDERED that defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.

/s/
JOHN D. BATES
United States District Judge

Signed this 17th day of October, 2003.

-3-

Copies to:

**Aaron M. Levine**
AARON M. LEVINE & ASSOCIATES, P.A.
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
(202) 833-8046
aaronlevinelaw@aol.com

**Lawrence Hedrick Martin**
FOLEY HOAG LLP
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006
(202) 223-1200
(202) 785-6687
lmartin@foleyhoag.com

-4-

# Appendix 1

Appendix 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
DEBRA ANN COY,                            *
                                          *
          Plaintiff,                      *
                                          *
     v.                                   *      CASE NO. 1:01CV01072 (JGP)/(AK)
                                          *
ELI LILLY AND COMPANY,                    *
                                          *
          Defendant.                      *
                                          *
* * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF ELI LILLY AND COMPANY'S MOTION TO TRANSFER

Defendant Eli Lilly and Company ("Lilly") submits this Memorandum of Points and

Authorities in Support of its Motion to Transfer pursuant to 28 U.S.C. § 1404(a). It is proper for

a district court to transfer an action "[f]or the convenience of parties and witnesses, in the interest

of justice." 28 U.S.C. § 1404(a). In the present action, Plaintiff's Complaint alleges exposure in

utero to diethylstilbestrol ("stilbestrol" or "DES") in the Commonwealth of Pennsylvania.

Although Plaintiff resides in Florida, Lilly presumes that most fact witnesses either reside in or

are subject to the subpoena power of the Eastern District of Pennsylvania. By contrast, the only

connection to the District of Columbia is that Plaintiff chose to file her claim here.

Lilly believes the Eastern District of Pennsylvania is a more convenient forum for the

parties and witnesses to this action. Further, the substantive law of Pennsylvania will determine

this action because the alleged exposure occurred within that jurisdiction. Since Lilly has and

continues to conduct business in the Eastern District of Pennsylvania, Plaintiff could have

action arises elsewhere." (Citations and internal quotations omitted). See also Trout Unlimited v. United States Dept. of Agriculture, 944 F. Supp. 13, 17 (D.D.C. 1996) ("deference to the plaintiff's choice of forum . . . is mitigated . . . [and] the showing defendants must make is lessened when the plaintiff's choice of forum has no factual nexus to the case, and, where . . . transfer is sought to the forum with which plaintiff have substantial ties and where the subject matter of the lawsuit is connected to that state") (Citations and internal quotations omitted). Plaintiff does not reside in the District of Columbia and none of the events concerning plaintiff's alleged exposure to stilbestrol is alleged to have occurred in the District of Columbia. Therefore, Plaintiff's chosen forum should be accorded little deference.

By contrast, the Eastern District of Pennsylvania would be at least as convenient a forum as the District of Columbia and very likely more so. Although Plaintiff resides in Florida, the alleged harm occurred in utero in Pennsylvania. See Complaint at ¶¶ 1, 4. Lilly also has been informed that Plaintiff's mother, who will be an important witness in this matter (see § C below), resides in Coatesville, Pennsylvania, not far from Philadelphia. Plaintiff's Answers to Defendant's First Set of Interrogatories ("Interrog. Answers"), executed August 27, 2001, at No. 6 (attached at Tab A). Since the alleged harm occurred in Pennsylvania, Plaintiff's mother still resides there, Plaintiff does not reside in the District of Columbia, and the Eastern District of Pennsylvania would be a more convenient forum for Lilly (as described below), the balance of convenience tips toward the Eastern District of Pennsylvania.

C.    The Eastern District Of Pennsylvania Is Far More Convenient For The Witnesses Likely To Be Deposed Or Called To Testify At Trial.

Section 1404(a) instructs the transferor court to consider the convenience of witnesses in deciding whether to transfer an action. In doing so, courts have also looked at ease of access to sources of proof and the amount of expense for willing witnesses. See Abbott Labs., 1989 WL

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBRA ANN COY,

Plaintiff,

v.

ELI LILLY AND COMPANY

Defendant.

FILED

JAN 2 3 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No. 01-1072 (JGP)

## ORDER

This matter comes before the Court on Motion of Defendant Eli Lilly and Company to Transfer Action. Upon consideration of the defendant's motion and the plaintiff's opposition, it is hereby

ORDERED that the defendant's motion to transfer is DENIED without prejudice.

Date:   JAN 2 3 2002

JOHN GARRETT PENN
United States District Judge

13

Appendix 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

LORI ANN FASTINO,

　　　　　　　Plaintiff,

　　　　v.

ELI LILLY AND COMPANY,

　　　　　　　Defendant.

---

Civil Action 02-02210  (HHK)

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lori Ann Fastino ("Fastino"), brings this diversity action for damages arising from her alleged exposure *in utero* to diethylstilbestrol ("DES"). Presently before this court is defendant Eli Lilly and Company's ("Eli Lilly") motion to transfer this case to the District of Massachusetts [#6]. Upon consideration of defendant's motion, the opposition thereto, and the record of this case, the court concludes that defendant's motion to transfer must be denied.

## I. BACKGROUND INFORMATION

Fastino is a resident of Rhode Island. Eli Lilly is an Indiana pharmaceutical corporation which manufactured, marketed, and sold DES throughout the United States. Fastino alleges that sometime between 1967 and 1968, her mother ingested DES while she was pregnant with Fastino pursuant to her physician's prescription. Fastino alleges that as a result of her mother's use of DES during pregnancy, she has suffered physical injuries including reproductive malfunction and infertility.

## II. ANALYSIS

**A.    Legal Standard for Motion to Transfer**

Eli Lilly has moved to transfer this case to Massachusetts pursuant to 28 U.S.C.

§ 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it

might have been brought." The moving defendant "bears the burden of demonstrating that

transfer pursuant to Section 1404(a) is warranted." *Gemological Inst. of Am., Inc. v. Thi-Dai

Phan*, 145 F. Supp. 2d 68, 71 (D.D.C. 2001). Section 1404(a) grants district courts broad

discretion to transfer cases, but they must "adjudicate motions for transfer according to an

'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v.

Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The court must first determine whether the action could have been brought originally in

the District of Massachusetts. The court must consider whether venue and personal jurisdiction

are proper in the transferee district. *Lamont v. Haig*, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978);

*see Relf v. Gasch*, 511 F.2d 804, 806-07 (D.C. Cir. 1975). Once a court makes this

determination, it must then "balance a number of case-specific factors which include the private

interests of the parties as well as public interests such as efficiency and fairness." *Wilderness

Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). The private interest factors include: (1)

the plaintiff's choice of forum, (2) the defendant's choice of forum, (3) whether the claim arose

elsewhere, (4) the convenience of the parties, (5) the convenience of the witnesses, but only to

the extent that the witnesses may be unavailable for trial in one of the districts, and (6) the ease

of access to sources of proof. *Id.* The public interest factors include: (1) the transferee district's

2

familiarity with the governing law, (2) the relative congestion of both the transferor and transferee courts, and (3) the local interest in deciding local controversies at home. *Id.*

**B.    Jurisdiction and Venue in the District of Massachusetts**

    **1.    Subject Matter Jurisdiction**

The District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship. Fastino is a resident of Rhode Island; Eli Lilly is incorporated and has its principal place of business in Indiana. Eli Lilly does not contest the amount in controversy requirement at this time. Thus, the District of Massachusetts would have subject matter jurisdiction.

    **2.    Personal Jurisdiction**

A federal court in Massachusetts would be able to assert personal jurisdiction over Eli Lilly based on Fastino's allegations that the company sold DES to Fastino's mother in Massachusetts. The Massachusetts long-arm statute extends to torts allegedly committed in Massachusetts. *See* MASS. GEN. LAWS ch. 223A, § 3.

    **3.    Venue**

"A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought . . . in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2). Fastino alleges that her *in utero* exposure to DES occurred during her mother's pregnancy in Massachusetts.

Because subject matter jurisdiction, personal jurisdiction, and venue would be proper in the District of Massachusetts, this case is one which might have been brought there.

3

C.    Private Interest Factors

The court now turns to the private interest factors. Typically, the plaintiff's choice of forum is given considerable weight, but it is entitled to "substantially less deference when the forum preferred by the plaintiff is not his home forum." *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). Because Fastino is not a resident of the District of Columbia, the court gives less deference to her choice of forum. Eli Lilly's choice of another forum, however, is undermined by the fact that Eli Lilly previously chose the District of Columbia as the forum for its own litigation against its insurers regarding coverage for DES claims and opposed the insurers' motion to transfer the case to another forum. *See Eli Lilly & Co. v. Home Ins. Co.*, 794 F.2d 710 (D.C. Cir. 1986); Ex. 2 to Pl.'s Opp'n. The balance tips slightly in favor of this district, then, when weighing the parties' choices of fora.

Eli Lilly maintains that Fastino's claim arose in Massachusetts where her *in utero* exposure occurred. This factor favors the District of Massachusetts.

Eli Lilly has not shown that the convenience of the parties and their witnesses favors transfer to Massachusetts. Eli Lilly argues that the relevant treating physicians and pharmacists of Fastino and her mother during the pregnancy, as well as relevant medical records, are in Massachusetts. Fastino represents, however, that Fastino's mother and her treating physician are both deceased, and that medical records and witnesses will be voluntarily produced in the District of Columbia without need for subpoena. Fastino's expert witnesses are located in Maryland, Texas, Pennsylvania, and Alabama; Eli Lilly's experts are located in Alabama, Maryland, and

4

New Jersey. There has been no showing that holding trial in the District of Columbia would impede the parties' access to evidence.

The court concludes that Eli Lilly has failed to show that the private factors weigh in favor of transferring this case to Massachusetts.

**D.    Public Factors**

The court now turns to the public interest factors. The "interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 8 (D.D.C. 1996). In this case, Massachusetts product liability law would govern the dispute. There is no evidence regarding the relative congestion of the district courts of the District of Columbia and Massachusetts. Massachusetts has an interest in determining this controversy because the alleged tort occurred in Massachusetts. The District of Columbia also has an interest in the controversy because it is where Eli Lilly's lobbying efforts to gain approval of DES and the original industry-wide promotion of DES occurred. *See* Ex. 3 to Pl.'s Opp'n. In addition, substantial litigation concerning DES has occurred in this district in the past. *See, e.g., Shields v. Eli Lilly & Co.*, 895 F.2d 1463 (D.C. Cir. 1990); *Tidler v. Eli Lilly & Co.*, 851 F.2d 418 (D.C. Cir. 1988); *Eli Lilly & Co. v. Home Ins. Co.*, 794 F.2d 710 (D.C. Cir. 1986). Therefore, the court concludes that Eli Lilly has failed to show that the public factors favor transfer.

5

### III. CONCLUSION

Although this action could have been brought in the District of Massachusetts, the convenience of the parties and the witnesses and the interests of justice do not favor transfer to Massachusetts. Therefore, this court concludes that defendant's motion to transfer must be DENIED.

### ORDER

Accordingly, it is this 8th day of October, 2003, hereby:

**ORDERED**, that defendant's motion to transfer [#6] is **DENIED.**

Henry H. Kennedy, Jr.
United States District Judge

6

Appendix 4

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA
#### Civil Division

JENNIFER F. BAILER,                    )
                                       )
    Plaintiff,                     )
                                       )   Civil Action No. 1:02CV01654 (RMU)
    v.                             )
                                       )   Document No. 10
ELI LILLY AND COMPANY, et al.          )
                                       )
    Defendants.                    )

**FILED**

APR 1 7 2003

NANCY MAYEH WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER

UPON CONSIDERATION of Defendants' Motion to Transfer, and any oppositions and replies

filed hereto, it is this 16ᵗʰ day of __April__, 2003,

    ORDERED, that Defendants' Motion be, and hereby is, **DENIED**.

_Ricardo M. Urbina_
JUDGE

Copies to:

Lawrence H. Martin, Esq.
Foley Hoag, LLP
1747 Pennsylvania Ave., N.W.
Suite 1200
Washington, D.C. 20006

Aaron M. Levine, Esq.
Aaron M. Levine & Associates
1320 19ᵗʰ Street, N.W.
Suite 500
Washington, D.C. 20036

James. J. Dillon, P.C.
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA 02109-2881

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20ᵗʰ Floor
Baltimore, MD 21202



Appendix 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OPP due
7/29/02

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                        *
ERIN MARGARET SUMRALL and               *
BRICE LYNN SUMRALL,                     *
                                        *
         Plaintiffs,                    *
                                        *      CIVIL ACTION
    v.                                  *      NO. 1:02CV00670 (CKK)
                                        *
ELI LILLY AND COMPANY,                  *
                                        *
         Defendant.                     *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## MOTION OF DEFENDANT ELI LILLY
## AND COMPANY TO TRANSFER ACTION

Defendant Eli Lilly and Company ("Lilly") moves to transfer this action, pursuant to 28

U.S.C. § 1404(a), to the Western District of Louisiana. Lilly bases its motion on the fact that the

Western District of Louisiana is a more convenient forum than the District of Columbia, the

action could have been brought in the Western District of Louisiana in the first place, and

transfer out of a district with absolutely no connection to the Plaintiffs' cause of action is in the

best interests of justice.

Specifically, Plaintiffs allege that Ms. Sumrall was exposed in utero to diethylstilbestrol

in the State of Louisiana. Although this case is in its earliest stages and Lilly has not had the

benefit of any discovery, Lilly has reason to believe that almost all fact witnesses either reside in

or are subject to the subpoena power of the Western District of Louisiana. The interests of

justice will not be served by burdening the citizens of the District of Columbia with a case that

UNITED STATES DISTRICT COURT
FOR IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

ERIN MARGARET SUMRALL                    )
and                                       )
BRICE LYNN SUMRALL                        )
                                          )
        Plaintiffs,                       )
                                          )
v.                                        )    CIVIL ACTION NO. 1:02CV00670 (CKK)
                                          )    Next Event: Initial Scheduling Conference,
ELI LILLY AND COMPANY                     )    August 16, 2002, 10:30am   FILED
                                          )
        Defendant.                        )                              OCT 2 8 2002

                              ORDER                      NANCY MAYER WHITTINGTON, CLERK
                                                           U.S DISTRICT COURT

        Upon consideration of Plaintiffs' Opposition to Defendant's Motion to Transfer, and for
and discussion on the record
good cause shown, it is this __28__ day of ___October___, 2002, it is hereby

                                            (#5)
        ORDERED that Defendant's Motion be and hereby is DENIED;

        AND IT IS FURTHER ORDERED that this case shall remain in the United States

District Court for the District of Columbia and shall not be transferred.


                                        _____
                                                    Judge


Copies to:

Aaron M. Levine, Esq.                          James J. Dillon, P.C.
Aaron M. Levine & Associates                   Goodwin Proctor LLP
1320 - 19th Street, N.W., Suite 500            Exchange Place
Washington, D.C.  20036                        Boston, MA  02109

Thomas M. Hefferon, P.C.
Ellen M. Quattrucci, Esq.
Goodwin Proctor LLP
1717 Pennsylvania Avenue, NW
Washington, DC  20006


C:\AARON\2002\SUMRALL Proposed Order.doc

Appendix 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CELIA ROING, DIANE MULLEN, and ELAINE PHILBRICK, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 02-2211 (JDB) |
| v. | ) ) | |
| ELI LILLY AND COMPANY, | ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiffs, who all reside in Massachusetts, have filed this diversity action alleging they were exposed in utero to diethylstilbestrol ("DES") in Massachusetts. Defendant Eli Lilly and Company ("defendant") has moved to transfer the case to the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a), asserting that Massachusetts is a more convenient forum than the District of Columbia, the action could have been brought in Massachusetts originally, the action has no connection to the District of Columbia, and transfer thus would be in the interest of justice.

Following six other judges of this Court who have denied similar motions in DES cases against Eli Lilly, the Court denies defendant's motion. The Court agrees that this action could have been brought in the District of Massachusetts. However, the convenience of the parties and witnesses, and the interest of justice, do not warrant transfer. See 28 U.S.C. §1404(a).

Plaintiffs' choice of forum is entitled to some weight, although it is given less deference when the chosen forum is not the plaintiff's home forum. See Piper Aircraft v. Reyno, 454 U.S. 235, 255-56 (1981); Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). On the other

hand, defendant has engaged in some lobbying and other efforts related to DES in the District of Columbia. Moreover, it is the forum of choice for many DES cases against Eli Lilly, and even has been the forum of choice by Eli Lilly for its litigation against insurers regarding coverage for DES claims.[1] The location of fact and particularly expert witnesses all around the country does not clearly favor Massachusetts over the District of Columbia. Finally, it is undisputed that plaintiffs and defendant both have counsel in the District of Columbia experienced in handling this type of litigation, and that those counsel have cooperated in numerous other DES cases in the District of Columbia with respect to making witnesses and documents (including medical records) readily available. In short, the relevant factors do not weigh clearly in favor of transfer to the District of Massachusetts.

Accordingly, upon consideration of defendant's motion to transfer and plaintiffs' opposition thereto, and having assessed the convenience of the parties and witnesses as well as the interest of justice, it is this ____ day of January, 2003, hereby

ORDERED that defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.

_____
JOHN D. BATES
United States District Judge

---

[1] Eli Lilly opposed a motion to transfer in that case, defending its right to choose the District of Columbia courts against allegations that it was engaged in forum shopping.

Appendix 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                        *
DOREEN SCARAMUZZI, as                   *
Mother and Next Friend of               *
HARRY J. SCARAMUZZI, III, a Minor,      *
                                        *
          Plaintiffs,                   *
                                        *        CASE NO. 1:01CV01095 (EGS/AK)
     v.                                 *
                                        *
ELI LILLY AND COMPANY,                  *
                                        *
          Defendant.                    *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## MOTION OF DEFENDANT ELI LILLY
## AND COMPANY TO TRANSFER ACTION

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this third generation

DES products liability action, pursuant to 28 U.S.C. § 1404(a), to the District of Rhode Island.

Lilly bases its motion on the fact that the District of Rhode Island is a more convenient forum

than the District of Columbia, the action could have been brought in the District of Rhode Island

in the first place, and transfer out of a district with absolutely no connection to the Plaintiffs'

cause of action is in the best interests of justice, particularly where the case raises novel issues

under Rhode Island law.

More specifically, Plaintiffs reside in the District of Rhode Island, Ms. Scaramuzzi

alleges that she was exposed in utero to diethylstilbestrol in the District of Rhode Island, and

Harry Scaramuzzi was born in the District of Rhode Island. Lilly has reason to believe that

almost all fact witnesses either reside in or are subject to the subpoena power of the District of

Rhode Island. Further, and importantly, Rhode Island substantive law will govern this third

generation DES action and no Rhode Island court has yet had the opportunity to address the

viability of such a claim.  The interests of justice will not be served by burdening the citizens of

the District of Columbia with a case that has no connection to the forum.  Nor will the interests

of justice be served by asking a District of Columbia Court to rule on novel issues under Rhode

Island law when a transfer to Rhode Island is possible and far more convenient.  Therefore,

transfer to the District of Rhode Island forum is appropriate.

WHEREFORE, based on the foregoing reasons and those more fully set forth in the

accompanying Memorandum of Points and Authorities in Support of this Motion, Lilly

respectfully requests this Court to grant its motion to transfer this case to the District of Rhode

Island.

GOODWIN PROCTER LLP

By: _____
Thomas M. Hefferon, P.C. (#461750)
Ellen M. Quattrucci (#462103)
GOODWIN PROCTER LLP
1717 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 974-1000

and

James J. Dillon, P.C.
Andrea L. Studley
Daniel J. Pasquarello
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts  02109
(617) 570-1000
Attorneys for Defendant
Eli Lilly and Company

DATED: December 6, 2001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOREEN SCARAMUZZI, as mother, )
and next friend of )
HARRY J. SCARAMUZZI, III, )
a minor, )
     Plaintiffs, ) Civil Action No.: 01-1095
         ) (EGS) [10]
  v. )
         ) **FILED**
ELI LILLY AND COMPANY, )
     Defendant. ) JUL 2 0 2001

          NANCY MAYER-WHITTINGTON, CLERK
          U.S. DISTRICT COURT

## ORDER

Upon consideration of defendant's motion to transfer, counsels' representations at the December 7, 2001 status hearing, and the fact that the parties have already engaged in substantial discovery, it is hereby

ORDERED that defendant's motion to transfer is DENIED without prejudice.

12/15/01
DATE

Emmet G. Sullivan
United States District Judge

Appendix 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HILLARY BLANK and MARC BLANK,    )
                                 )
      Plaintiffs,                )
                                 )
v.                               )    Civil Action No. 02-1976 (RWR)
                                 )
ELI LILLY AND COMPANY,           )
                                 )
            Defendant.           )
                                 )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Hillary Blank and Marc Blank filed this diversity action alleging that Ms. Blank was exposed *in utero* to diethylstilbestrol ("DES"). Defendant Eli Lilly and Company ("Eli Lilly") has moved to transfer the case to the District of Massachusetts. Because defendant has failed to establish that the convenience of the parties and the witnesses and the interests of justice favor transfer to Massachusetts, defendant's motion will be denied.

## BACKGROUND

Plaintiffs are residents of New Jersey. Eli Lilly is an Indiana pharmaceutical corporation which manufactured and sold DES throughout the United States. Ms. Blank alleges that her mother took DES during pregnancy.

Ms. Blank was born in Massachusetts in 1967. She alleges that, as a result of her mother's use of DES during pregnancy,

- 2 -

she has suffered physical injuries including reproductive

malfunction and infertility.  Ms. Blank also alleges that she has

suffered depression, anxiety and emotional distress.

### DISCUSSION

Defendant has moved to transfer this case to Massachusetts

pursuant to 28 U.S.C. § 1404(a)(2000), which provides that "[f]or

the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any

other district or division where it might have been brought."

The moving defendant "bears the burden of demonstrating that

transfer pursuant to Section 1404(a) is warranted." <u>Gemological</u>

<u>Institute of America v. Thi-Dai Phan</u>, 145 F. Supp. 2d 68, 71

(D.D.C. 2001).  Section 1404(a) grants district courts broad

discretion to transfer cases, but they must "adjudicate such

motions according to an 'individualized, case-by-case

consideration of convenience and fairness.'"  <u>Gemological</u>

<u>Institute</u>, 145 F. Supp. 2d at 71 (citing <u>Stewart Organization,</u>

<u>Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)).

The Court must first determine whether venue and personal

jurisdiction are proper in the transferee district.  <u>Lamont v.</u>

<u>Haig</u>, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978); <u>see also</u> <u>Relf v.</u>

<u>Gasch</u>, 511 F.2d 804, 806 (D.C. Cir. 1975) (holding that the

- 3 -

district court may transfer a case only to a judicial district where the case might have been brought).

Once a court makes this determination, it must then "balance a number of case-specific factors which include the private interests of the parties as well as public interests such as efficiency and fairness." <u>Wilderness Society v. Babbitt</u>, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). On the private side of the balance, these factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the districts; and (6) the ease of access to sources of proof. <u>Id.</u> The factors on the public side of the balance include: (1) the transferee's familiarity with the governing law; (2) the relative congestion of both the transferor and transferee courts; and (3) the local interest in deciding local controversies at home. <u>Id</u>.

I.    <u>Venue in the District of Massachusetts</u>

"A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought . . . in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C.

- 4 -

§ 1391(a)(2).  Plaintiff alleges that her *in utero* exposure to

DES occurred during her mother's pregnancy in Massachusetts.

A federal court in Massachusetts would be able to assert

personal jurisdiction over Eli Lilly based on plaintiff's

allegations that the company sold DES to plaintiff's mother in

Massachusetts.  See Mass. Gen. Laws ch. 223A, § 3 (Massachusetts

long-arm statute governing torts allegedly committed in

Massachusetts).  Because venue and personal jurisdiction would be

proper in the District of Massachusetts, this case is one which

might have been brought there.

II.  Private Factors

Typically, the plaintiff's choice of forum is given

considerable weight, but it is entitled to "substantially less

deference when the forum preferred by the plaintiff is not his

home forum."  Boers v. United States, 133 F. Supp. 2d 64, 65

(D.D.C. 2001) (citing Piper Aircraft v. Reyno, 454 U.S. 235,

255-56 (1981)).  In this case, plaintiffs are not residents of

their chosen forum, but plaintiffs argue that much of defendant's

lobbying efforts before the Food and Drug Administration ("FDA")

occurred in the District of Columbia.  Defendant's choice of

another forum is undermined by the fact that defendant chose the

District of Columbia as the forum for its own litigation against

insurers regarding coverage for DES claims and opposed the

- 5 -

insurers' motion to transfer the case to another forum.  <u>See</u> Eli

Lilly's Memorandum in Opposition to Motion to Transfer, Exh. 4 to

Plaintiffs' Opposition to Defendant's Motion to Transfer.  The

balance tips slightly in favor of this district, then, when

weighing the parties' choices of fora.

Defendant maintains that plaintiffs' claim arose in

Massachusetts where Ms. Blank's <i>in utero</i> exposure occurred.

Plaintiffs argue that their claim also arose in part from Eli

Lilly's lobbying efforts in the District of Columbia to obtain

FDA approval for DES.  This factor favors neither district.

Defendant has not shown that the convenience of the parties

and their witnesses favors transfer to Massachusetts.  There is

only one witness who lives in Massachusetts and that witness will

appear without subpoena at a mutually-convenient location.  At

least one of plaintiffs' expert witnesses is in this district.

No medical records of Ms. Blank's are in Massachusetts.  There

has been no showing that holding trial in the District of

Columbia would impede the parties' access to evidence.

Defendant has failed to show that the private factors weigh

in favor of transferring this case to Massachusetts.

III. <u>Public Factors</u>

The "interests of justice are best served by having a case

decided by the federal court in the state whose laws govern the

- 6 -

interests at stake." <u>Kafack v. Primerica Life Insurance Co.</u>, 934
F. Supp. 3, 8 (D.D.C. 1996). In this case, however, it has yet
to be determined which state or district's law will govern the
dispute. There is no evidence regarding the relative congestion
of the district courts of the District of Columbia and
Massachusetts, and neither the District of Columbia nor
Massachusetts has a strong local interest in this controversy.
Defendant has failed to show that the public factors favor
transfer.

CONCLUSION

Defendant has failed to show that the convenience of the
parties and the witnesses and the interests of justice favor
transfer to Massachusetts. Accordingly, it is hereby

ORDERED that defendant's motion to transfer [7] be, and
hereby is, DENIED.

SIGNED this 13th day of December, 2002.


RICHARD W. ROBERTS
United States District Judge

# Appendix 9

January 30, 1941

Mr. Eli Lilly
Mr. Rhodehenel
Mr. Ratter
Mr. D. R. Miller
Dr. Rice
Mr. R. W. Wheeler
Mr. W. J. Rice
Research File

### TRIP REPORT

#### Meeting of Representatives of a Group of

#### Drug Manufacturers Interested in Stilbestrol

#### Hotel Washington, Washington, D. C.

#### January 28, 1941

This meeting was called by Mr. Carson P. Frailey, Executive Vice
President of the A. D. M. A. as a consequence of the meeting of
various representatives with Dr. James J. Durrett and Mr. W. J.
Campbell of the Federal Food and Drug Administration in Washing-
ton on December 30, 1940.  The purpose of the present meeting was
to resurvey the available scientific evidence regarding Stilbestrol
and to decide what procedure would quickest and most effectively
satisfy the Food and Drug Administration with regard to Stilbes-
trol.  The companies represented were:

| | |
|---|---|
| Eli Lilly and Company | Dr. D. C. Hines |
| E. E. Squibb and Sons | Dr. J. A. Herrell |
| | Dr.        Church |
| Winthrop Chemical Company | Dr. F. J. Stockman |
| | Dr. J. B. Rice |
| Merck & Co., Inc. | Dr. J. H. Carlicle |
| Abbott Laboratories | Mr. Edgar B. Carter |
| The Upjohn Company | Dr. R. Clifford Upjohn |
| Sharp & Dohns, Inc. | Dr. W. A. Foirer |
| John Wyoth & Brother, Inc. | Mr. Ambrose Haasberger, Jr. |
| Charles E. Froust & Co. | Dr. E. Losinski |
| Ayoret, McKenna & Barrison, Ltd. | Mr. Hutchinson |
| A. D. M. A. | Mr. Carson P. Frailey |

- 2 -

Dr. E. A. Sharp of Parke, Davis and Company, and Mr. W. D. O'Connell of George A. Broon and Company, Inc., were reported to have desired to come but found themselves unable.

The preliminary discussion was concerned with the attitude of the Administration, and it was the consensus of opinion emphasized particularly by Mr. Frailey and Dr. Stockman that the Administration was extremely desirous of receiving the scientific evidence on competitive items such as Stilbestrol in the form of a joint master application containing the scientific evidence from all of the interested companies. Dr. Stockman pointed out that this procedure in the case of sulfathiasole had proven very satisfactory from the point of view of the Administration and the firms involved.

When comments made by Dr. Durrett and Mr. Campbell individually to various of the persons present were repeated and compared, it became evident that in the case of Stilbestrol the Administration will insist on extremely detailed case reports and that most of the articles which have so far been published are inadequate in this respect. The consensus of opinion was that Stilbestrol will not be approved until: 1) statements are furnished from the leading "experts" in the country opining the safety of Stilbestrol and advocating its release; and 2) sufficiently detailed case reports and laboratory studies are submitted to provide an obvious basis for the opinions.

It was agreed that sufficient experimental work had already been done, that most clinicians were favorable, and that the question was largely one of obtaining the opinions and case reports in the proper form. Certain clinicians in New York City seem to be the only ones opposing the release of Stilbestrol at the present time and it was felt that if the evidence furnished by other clinicians could all be presented to them they might alter their stands. Dr. Stockman and Dr. Rice reported some success in this direction already in the case of Dr. Ephraim Shorr.

It was also reported that Dr. Durrett had stated emphatically that the approval of one application would     the approval of all those on file providing that each applicant could show the identity of his product with that approved. All the representatives were willing and anxious to follow the plan of filing a joint application with two exceptions. The representatives of Squibb could promise only that they would pool the data obtained since the last filing of their application. The matter of pooling information obtained previously was subject to the approval of Dr. John Anderson. I was not in a position to assure the group of our cooperation and stated so frankly. It was agreed that none of those joining the group for joint filing would file an application previous to the filing of the joint application.

I was chosen temporary chairman of the meeting and despite my pointing

- 3 -

out my possible inability to serve further was made permanent chairman of the meeting and of the committee which was there appointed for the purpose of actually getting together the material for submission. Other members of this committee were Dr. J. A. Herrell of R. R. Squibb and Sons, Dr. J. B. Rice of Winthrop Chemical Company, and Dr. E. Clifford Upjohn, of The Upjohn Company. Squibb and Winthrop are apparently extremely anxious to get Stilbestrol on the market, so that I feel certain there will be no dilatory tactics within this committee.

Following the meeting, the small committee met and outlined a detailed program for gathering the necessary information. This was expected to involve personal contact with each of twenty-four men and groups in Boston, New York City, Philadelphia, Baltimore, Chicago, Madison, St. Louis, and Rochester, Minnesota, the cities mentioned by Dr. Durrett as containing the key men. It was planned that the preliminary data would be submitted to me by March 1.

Appendix 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                          |   |                        |
|--------------------------|---|------------------------|
| BARRY McCLAMROCK,        | ) |                        |
|            Plaintiff,    | ) | Case No. 1:02CV02383   |
|                          | ) |                        |
|      v.                  | ) |                        |
|                          | ) |                        |
| ELI LILLY AND COMPANY    | ) |                        |
|            Defendant.    | ) |                        |

**DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION PURSUANT TO 28 U.S.C. §1404(a) TO
TRANSFER TO THE MIDDLE DISTRICT OF NORTH CAROLINA**

## I.        INTRODUCTION

Plaintiff, a citizen of Concord, North Carolina, has filed this civil action against

Eli Lilly and Company ("Lilly") in the United States District Court for the District of Columbia,

seeking to recover monetary damages for alleged personal injuries he claims were caused by

Zyprexa®, a prescription anti-psychotic medication manufactured by Lilly. Lilly moves

pursuant to 28 U.S.C. § 1404(a) to transfer this action from the District of Columbia to the

United States District Court for the Middle District of North Carolina, Salisbury Division.

Neither the events giving rise to this action, nor any of the witnesses or evidence

necessary to resolve it, relate to Washington, D.C. Plaintiff was prescribed, purchased and

ingested Zyprexa® in North Carolina, was injured in his home state, and received all medical

treatment for his alleged injuries there. The Lilly personnel most knowledgeable about, and most

of the Lilly documents relevant to, the research, design, development, labeling, manufacturing

and marketing of Zyprexa® pertinent to plaintiff's allegations are located at its principal place of

Ingram, 2003 WL 256729, at *2-3; see also Airport Working Group of Orange County, Inc. v. U.S Dept. of Defense, 226 F. Supp.2d 227, 229 (D.D.C. 2002) (quoting Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29-30, 108 S. Ct. 2239, 101 L.Ed. 2d 22 (1988)) (once it is shown that venue in the proposed transferee forum is proper, section 1404(a) "'place[s] discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness . . . [and] calls on the [] court to weigh in the balance a number of case-specific factors' relating to both the private interests of the parties and the interests of the public").

### A. The Private Interests: The Convenience of the Parties and Witnesses Weighs Heavily In Favor of Transfer to the Middle District of North Carolina

In Ingram, this Court found that the private interests factors weighed against transfer for reasons not present here. Id., 2003 WL 256729, at *3. Ingram involved the drug DES as to which there had been a considerable history of litigation and settlements in the District of Columbia, as well as a statute of limitations dispute. Id., 2003 WL 256729, at *3, 5 n.2. In the present action, there is no history of Zyprexa® litigation in the District of Columbia nor is there any issue as to the statute of limitations. In Ingram, moreover, there was no allegation, as here, that any witness would be unavailable for trial in the District of Columbia.[3] Id., 2003 WL 256729, at *3.

In the Middle District of North Carolina, plaintiff will be permitted to bring suit in his own backyard while bringing each of the parties and the tranferee court itself closer to the

---

[3] As the parties have not exchanged initial disclosures or initial requests for written discovery or documents, Lilly has not yet identified the universe of potential non-party of witnesses with knowledge of the events giving rise to plaintiff's claims, or determined which of those potential witnesses are most relevant to plaintiff's claims and Lilly's defenses. While it is known that most, if not all, of the potential non-party witnesses reside in North Carolina, it is not possible to know at this time whether these witnesses will be available or appear voluntarily for trial in the District of Columbia.

Appendix 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

```
                                     *
NANCY PETERSON,                      *
                                     *
        Plaintiff,                   *
                                     *        CASE NO. 1:01CV01404 (ESH)
    v.                               *
                                     *
ELI LILLY AND COMPANY,               *
                                     *
        Defendant.                   *
                                     *
```

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Opp due 12/26/01

## MOTION OF DEFENDANT ELI LILLY
## AND COMPANY TO TRANSFER ACTION

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant
to 28 U.S.C. § 1404(a), to the District of Massachusetts. Lilly bases its motion on the fact that
the District of Massachusetts is a more convenient forum than the District of Columbia, the
action could have been brought in the District of Massachusetts in the first place, and transfer out
of a district with absolutely no connection to the Plaintiff's cause of action is in the best interests
of justice.

More specifically, Plaintiff resides in the District of Massachusetts and alleges that she
was exposed in utero to diethylstilbestrol in the District of Massachusetts. Lilly has reason to
believe that almost all fact witnesses either reside in or are subject to the subpoena power of the
District of Massachusetts. The interests of justice will not be served by burdening the citizens of
the District of Columbia with a case that has no connection to the forum, and therefore transfer to
the far more convenient District of Massachusetts forum is appropriate.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



NANCY PETERSON,                    )
                                   )
           Plaintiff,              )
                                   )
    v.                             )        Case No. 1:01CV01404 (ESH/AK)
                                   )        Next Event: Defendant's 26(a)(2)
ELI LILLY AND COMPANY              )        Statement Due on January 21, 2002
                                   )
           Defendant.              )

ORDER

Upon consideration of Plaintiff's Opposition to Defendant's Motion to Transfer, and for

good cause shown, it is this 9 day of January, 2002

    ORDERED that Defendant's Motion to Transfer be and hereby is DENIED;

    AND IT IS FURTHER ORDERED that this case shall remain in the United States

District Court for the District of Columbia and shall not be transferred.

E S Huck
                                            Judge

Copies to:

Aaron M. Levine, Esq.                       James J. Dillon, P.C.
Aaron M. Levine & Associates                Goodwin Procter LLP
1320 - 19th Street, N.W., Suite 500         Exchange Place
Washington, D.C. 20036                      Boston, MA 02109

Thomas M. Hefferon, P.C.
Goodwin Procter LLP
1717 Pennsylvania Avenue, NW
Washington, DC 20006





.

Appendix 12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

LAUREN GAIL MILLER,

        Plaintiff,

        v.

ELI LILLY AND COMPANY, et al.,

        Defendants.

CIVIL ACTION No. 03-00896 (HHK)

## DEFENDANTS' MOTION TO TRANSFER
## TO THE NORTHERN DISTRICT OF CALIFORNIA

Defendants Eli Lilly and Company ("Lilly"), Abbot Laboratories, Inc. ("Abbott"),
Bristol-Myers Squibb Company ("Squibb"), Dart Industries, Inc. ("Dart"), GlaxoSmithKline
("Glaxo"), Merck and Company, Inc. ("Merck"), Pharmacia and Upjohn Company
("Pharmacia"), and Premo Pharmaceutical Laboratories, Inc. ("Premo") (collectively, the
"Defendants"), hereby move to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the
United States District Court for the Northern District of California. Defendants base their motion
on the fact that the Northern District of California is a more convenient forum than the District of
Columbia for trying this action based on alleged exposure to the drug DES, the action could have
been brought in the Northern District of California in the first place, and transfer out of a district
with absolutely no connection to the Plaintiff's cause of action is in the interest of justice.

Transfer to the Northern District of California is appropriate for at least the following
reasons:

- Plaintiff Lauren Gail Miller ("Plaintiff") resides in the Northern District of California;
- Plaintiff's Mother, Gail Kendrick Miller, resides in the Northern District of California and Plaintiff's father is deceased;

1

- Plaintiff alleges *in utero* exposure to diethylstilbestrol in the Northern District of California;

- Plaintiff was born in the Northern District of California;

- Although Plaintiff could only identify the location of the pharmacy that allegedly dispensed the product at issue in this case, Plaintiff has identified the dispensing facility as being located in the Northern District of California;

- Dr. Gregory Smith, Plaintiff's mother's prescribing and treating physician, practiced medicine and treated Plaintiff's mother in the Northern District of California;

- All of Plaintiff's gynecological care from the age of menarche to the present has been through the Kaiser Permanente medical group, located in Santa Clara, California which is in the Northern District of California;

- Dr. Edward J. Bailey, Dr. Joseph D'Amico and Dr. Cassius A. Scott, doctors identified as having treated Plaintiff for injuries allegedly caused by *in utero* exposure to diethylstilbestrol, practice in the Northern District of California;

- This case -- like the more than 100 DES cases filed by Plaintiff's counsel in the District of Columbia in the past three years -- has no connection to the District of Columbia except that it was filed here.

WHEREFORE, based on the foregoing reasons and those more fully set forth in the accompanying Memorandum of Points and Authorities in Support of this Motion, Defendants respectfully request this Court to grant their motion to transfer this case to the Northern District of California.

Respectfully submitted,

ELI LILLY AND COMPANY
By its Attorneys:

/s/ Lawrence H. Martin
Lawrence H. Martin
Foley Hoag LLP
1875 K Street, N.W., Suite 800
Washington, D.C., 20006-1238
(202) 223-1200

and

CLOSED, TYPE-B

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:03-cv-00896-HHK

MILLER v. ELI LILLY AND COMPANY et al
Assigned to: Judge Henry H. Kennedy
Cause: 28:1332 Diversity-Product Liability

Date Filed: 04/17/2003
Date Terminated: 05/10/2005
Jury Demand: None
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 04/17/2003 | 1 | NOTICE OF REMOVAL from Superior Court for the District of Columbia, case number 03-0002013. ( Filing fee $ 150 ) (Attachments: # 1 Exhibit # 2 Exhibit)(bcs, ) (Entered: 04/23/2003) |
| 04/17/2003 | 2 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ELI LILLY AND COMPANY (bcs, ) (Entered: 04/23/2003) |
| 04/21/2003 | 4 | NOTICE of Appearance by John F. Anderson on behalf of DART INDUSTRIES INC (Anderson, John) (Entered: 04/21/2003) |
| 04/21/2003 | 2 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *for Dart Industries, Inc.* (Anderson, John) (Entered: 04/21/2003) |
| 04/22/2003 | 5 | NOTICE of Appearance by Aaron M. Levine on behalf of LAUREN GAIL MILLER (Levine, Aaron) (Entered: 04/22/2003) |
| 04/24/2003 | 6 | Preliminary Electronic Case Filing Order. Signed by Judge Henry H. Kennedy on April 24, 2003. (FL, ) (Entered: 04/24/2003) |
| 04/28/2003 | 7 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests (Simonyi, Juli) (Entered: 04/28/2003) |
| 04/28/2003 | 8 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests (Leech, Sidney) (Entered: 04/28/2003) |
| 04/29/2003 | 9 | ORIGINAL FILE. certified copy of transfer order. and docket sheet received from D.C. Superior Court 03ca2013. (bcs, ) (Entered: 05/01/2003) |
| 05/06/2003 | 10 | NOTICE of Appearance by Scott Hu Christensen on behalf of MALLINCKRODT, INC. (Christensen, Scott) (Entered: 05/06/2003) |
| 05/06/2003 | 11 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate |

| | | |
|---|---|---|
| | | Affiliations and Financial Interests *of Mallinckrodt, Inc.* (Christensen, Scott) (Entered: 05/06/2003) |
| 05/13/2003 | 12 | NOTICE of Appearance by Kathleen M. Bustraan on behalf of LANNETT COMPANY, INC. (Bustraan, Kathleen) (Entered: 05/13/2003) |
| 05/13/2003 | 13 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *for Lannett Company, Inc.* (Bustraan, Kathleen) (Entered: 05/13/2003) |
| 09/11/2003 | 14 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *Amended* (Leech, Sidney) (Entered: 09/11/2003) |
| 10/14/2003 | 15 | NOTICE of Appearance by Juli Zsuzsa Simonyi on behalf of PREMO PHARMACEUTICAL LABORATORIES, INC. (Attachments: # 1 Exhibit Exhibit 1 - Copy of Answer)(Simonyi, Juli) (Entered: 10/14/2003) |
| 10/21/2003 | 16 | NOTICE of Change of Address by John F. Anderson (Anderson, John) (Entered: 10/21/2003) |
| 10/31/2003 | 17 | NOTICE of Appearance by Janet K. Coleman on behalf of GLAXOSMITHKLINE INC (Coleman, Janet) (Entered: 10/31/2003) |
| 10/31/2003 | 18 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *for GlaxoSmithKline* (Coleman, Janet) (Entered: 10/31/2003) |
| 12/09/2003 | 19 | NOTICE of Change of Address by Lawrence Hedrick Martin (Martin, Lawrence) (Entered: 12/09/2003) |
| 12/23/2003 | 20 | ENTERED IN ERROR.....MOTION to Transfer Case *to the Northern District of California* by ABBOTT LABORATORIES, INC., BRISTOL-MYERS SQUIBB COMPANY, DART INDUSTRIES INC, ELI LILLY AND COMPANY, GLAXOSMITHKLINE INC, MALLINCKRODT, INC., MERCK & COMPANY INC, PHARMACIA & UPJOHN COMPANY, PREMO PHARMACEUTICAL LABORATORIES, INC.. (Attachments: # 1 Affidavit of Howard P. Goldberg# 2 Exhibit A to Goldberg Affidavit# 3 Exhibit B to Goldberg Affidavit# 4 Exhibit C to Goldberg Affidavit# 5 Exhibit D to Goldberg Affidavit# 6 Text of Proposed Order)(Martin, Lawrence) Modified on 12/24/2003 (bcs, ). (Entered: 12/23/2003) |
| 12/24/2003 | | "NOTICE OF CORRECTED DOCKET ENTRY. Document No. 20 was entered in error and counsel has chosen to refile said pleading to make correcetion." (bcs, ) (Entered: 12/24/2003) |
| 12/24/2003 | 21 | MOTION to Transfer Case *to the Northern District of California* by ABBOTT LABORATORIES, INC., BRISTOL-MYERS SQUIBB COMPANY, DART INDUSTRIES INC, ELI LILLY AND COMPANY, GLAXOSMITHKLINE INC, MERCK & COMPANY INC, PHARMACIA & UPJOHN COMPANY, PREMO |

| | | 28, 2004. Official paperless order(FL, ) Modified on 1/28/2004 (FL, ). (Entered: 01/28/2004) |
|---|---|---|
| 01/29/2004 | 30 | NOTICE of Voluntary Dismissal re Lannett Company, Inc. (Levine, Aaron) (Entered: 01/29/2004) |
| 05/05/2004 | | MINUTE ORDER: denying Motion to Transfer Case 21 (Kennedy, Henry) (Entered: 05/05/2004) |
| 05/13/2004 | | Set Hearings: Initial Status Conference set for 8/6/2004 10:15 AM in Courtroom 14 before Judge Henry H. Kennedy. (zrew, ) (Entered: 05/13/2004) |
| 05/14/2004 | 31 | Order for Initial Scheduling Conference. Initial conference set for 8/6/2004, at 10:15 am before Judge Henry H. Kennedy, Jr. Signed by Judge Henry H. Kennedy on May 14, 2004. (FL, ) (Entered: 05/14/2004) |
| 05/28/2004 | 32 | STIPULATION *of Dismissal of Dart Industries, Inc.* by DART INDUSTRIES INC, LAUREN GAIL MILLER. (Anderson, John) (Entered: 05/28/2004) |
| 06/02/2004 | 33 | NOTICE of Voluntary Dismissal re Merck & Co. *with prejudice* (Ewert, Elizabeth) (Entered: 06/02/2004) |
| 06/17/2004 | 34 | NOTICE by PHARMACIA & UPJOHN COMPANY *Notice to Strike and Enter Appearance of Counsel* (Leech, Sidney) (Entered: 06/17/2004) |
| 07/27/2004 | 35 | MEET AND CONFER STATEMENT. (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order)(Levine, Aaron) (Entered: 07/27/2004) |
| 08/06/2004 | | Minute Entry for proceedings held before Judge Henry H. Kennedy : Status Conference held on 8/6/2004. The Court adopts counsel's briefing schedule. Counsel agree to Mediation. Status Conference set for 4/8/2005 at 09:30 AM in Courtroom 14 before Judge Henry H. Kennedy. (Court Reporter Dolores Byers.) (rew, ) (Entered: 08/09/2004) |
| 08/11/2004 | 36 | Scheduling Order: Status conference set for April 8, 2005, at 9:30 a.m., before Judge Henry H. Kennedy, Jr. Signed by Judge Henry H. Kennedy, Jr., on August 11, 2004. (FL, ) (Entered: 08/11/2004) |
| 08/11/2004 | 37 | Order referring action to mediation. Signed by Judge Henry H. Kennedy, Jr., on August 11, 2004. (FL, ) (Entered: 08/11/2004) |
| 08/11/2004 | | Set Deadlines/Hearings: Discovery due by 3/7/2005. Dispositive Motions due by 4/11/2005. Plaintiff Rule 26a2 due by 12/6/2004. Defendant Rule 26a2 due by 1/5/2005. Status Conference set for 4/8/2005 09:30 AM in Courtroom 14 before Judge Henry H. Kennedy. (rew, ) (Entered: 08/11/2004) |
| 01/04/2005 | 38 | RULE 26a2 STATEMENT. (Coleman, Janet) (Entered: 01/04/2005) |
| 01/04/2005 | 39 | NOTICE of Appearance by Elizabeth Ewert on behalf of PHARMACIA & UPJOHN COMPANY (Ewert, Elizabeth) (Entered: 01/04/2005) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
SUZANNE R. ROBINSON, et al.,          )
                                      )
                    Plaintiffs,       )
                                      )    Civil Action No. 1:07-cv-00153 (RWR/DAR)
          vs.                         )    Next Action: Deadline for Plaintiff's 26(a)(2)
                                      )                November 11, 2007
ELI LILLY AND COMPANY,                )
                                      )
                    Defendant.        )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**(PROPOSED) ORDER**

UPON CONSIDERATION of Defendant Eli Lilly and Company's Motion to Transfer to

the District of Massachusetts, and Plaintiff's Opposition thereto, and for good cause shown, it is

this ___ day of _____, 2007,

**ORDERED** that Defendant Eli Lilly and Company's Motion be DENIED.

_____
The Honorable Richard W. Roberts
United States District Judge