## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZANNE R. ROBINSON and<br>JOSEPH L. ROBINSON,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>ELI LILLY AND COMPANY,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION No. 1:07-cv-00153-RWR |

## REPLY IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS

Plaintiffs' Opposition to Defendant Eli Lilly and Company's Motion to Transfer ("Plaintiffs' Opposition") does not dispute that this case has substantial connections to the District of Massachusetts and no relevant connection to the District of Columbia. Specifically, many of the alleged events giving rise to plaintiffs' claims, including the alleged prescription, purchase and ingestion of DES, occurred in the District of Massachusetts. Additionally, all of the non-expert witnesses in this case, including plaintiffs, plaintiff Suzanne Robinson's mother, and plaintiff Suzanne Robinson's treating physicians, are located either in the District of Massachusetts or within that district's subpoena power.[1] Plaintiffs' arguments regarding factors such as travel convenience for plaintiffs' experts, Lilly's previous litigation of an insurance claim

---

[1] Plaintiffs' assertion that Dr. Brian Sheets is outside of the subpoena power of the District of Massachusetts is incorrect. *See* Opp. at 2 n.1, 7. Dr. Sheets' address, as provided in plaintiff Suzanne Robinson's Answers to Lilly's First Set of Interrogatories (Exhibit 1 to Lilly's Memorandum in Support of its Motion to Transfer, at No. 7) is 992 High Ridge Road, Stamford, Connecticut. This address is located 99.39 miles from the District of Massachusetts courthouse located in Springfield, Massachusetts at 1550 Main Street. *See* http://www.mapquest.com. Accordingly, Dr. Sheets is within the 100 mile subpoena power of the District of Massachusetts, Western Division.

in the District of Columbia and Lilly's governmental contacts here have no significant bearing on transfer under 28 U.S.C. § 1404(a), and have been rejected by this Court. As set forth in Lilly's Memorandum in Support of its Motion to Transfer and below, an analysis of <u>relevant</u> factors and controlling authority supports transfer of this case to the United States District Court for the District of Massachusetts.

## I.   CONTACTS ARE CENTERED IN AND AROUND MASSACHUSETTS, NOT THE DISTRICT OF COLUMBIA

Plaintiffs argue that because each important witness is not in Massachusetts, there is "no center to the key witnesses" and the case should remain in the District of Columbia. Plaintiff's Opposition to Defendant Eli Lilly and Company's Motion to Transfer to the District of Massachusetts ("Opp.") at 1. This argument, however, fails to appropriately define the relevant contacts in this case. The alleged prescription, purchase and ingestion of DES occurred in Massachusetts. Further, all of the non-expert witnesses are located in Massachusetts or within the subpoena power of the District of Massachusetts. Conversely, there is not a single known witness who resides in the District of Columbia. Similarly, none of the non-expert witnesses are within the subpoena power of the District of Columbia. Finally, each of the non-expert witnesses live much closer to Massachusetts than to the District of Columbia. Clearly, upon these facts, the contacts are centered in and around Massachusetts such that this case should be transferred.

This Court has recently transferred similar cases out of this district even where every witness is not in the transferee district. *See Lagor v. Eli Lilly and Company*, Civil Action No. 06-1967 (D.D.C. June 18, 2007) (Bates, J.) (case transferred to Rhode Island even though plaintiff and plaintiff's mother lived in Massachusetts), **Attachment A** to Affidavit of John C. Coots in Support of Lilly's Reply in Support of Motion to Transfer, attached as **Exhibit 1**; *see*

*also Dean v. Eli Lilly and Company*, Civil Action No. 06-1375 (D.D.C. June 1, 2007) (Sullivan, J.) (case transferred to Massachusetts even though one plaintiff and several of her physicians were located in New Hampshire), **Attachment B** to Exhibit 1.

Plaintiffs' generalized reference to a list of orders, without any legal analysis, does not support denial of transfer in this case.   Many of the cited cases are either silent regarding the factors considered by the court in denying transfer or inapposite to the case at bar. For example, *Bailer v. Eli Lilly and Company*, Civil Action No. 02-01654 (Urbina, J.) and *Coy v. Eli Lilly*, Civil Action No. 01-1072 (Penn, J.) were decided without any indication of the reasoning for the decisions set forth in the orders.   In *Ingram v. Eli Lilly and Company*, Civil Action No. 02-2023 (Walton, J.), the court noted that none of the vital witnesses remained in the proposed transferee jurisdiction, so there was no concern regarding a lack of substantial connection to a particular jurisdiction.   Finally, in *Sumrall v. Eli Lilly and Company*, Civil Action No. 02-0670 (Kollar-Kotelly, J.), the court directed the parties to file a stipulation wherein plaintiff agreed to produce her mother for deposition and trial at plaintiff's expense.   As illustrated above, the relevant contacts are centered in Massachusetts such that this case should be transferred to that district.

## II.     MASSACHUSETTS IS MORE CONVENIENT FOR THE PARTIES AND WITNESSES THAN IS THE DISTRICT OF COLUMBIA

Plaintiffs argue that Lilly's "vague laundry list of mostly insignificant contacts" is not enough to prove that Massachusetts is a more convenient forum than the District of Columbia. *See* Opp. at 1. Lilly, however, has completely satisfied its burden by proving that all of the non-expert witnesses are either located in or live much closer to Massachusetts than to the District of Columbia.   Plaintiffs live in Cheshire, Connecticut.   Opp. at 1.   Cheshire is

approximately 55 miles from the District of Massachusetts, Western Division.[2] Cheshire is more than five times as far from the District of Columbia, approximately 318 miles.[3] Therefore, it is clear that the District of Massachusetts is more convenient for plaintiffs.

All of the other non-expert witnesses are much closer to the District of Massachusetts as well. Plaintiff's mother is located in Longmeadow, Massachusetts. Opp. at 3. The pharmacy where plaintiff's mother allegedly purchased DES is also located in Longmeadow, Massachusetts. Plaintiff Suzanne Robinson's Answers to Lilly's First Set of Interrogatories (Exhibit 1 to Lilly's Memorandum in Support of its Motion to Transfer, at No. 20). Longmeadow, Massachusetts is located approximately 4 miles from the District of Massachusetts, Western Division courthouse located in Springfield, Massachusetts.[4] In contrast, Longmeadow is located 365 miles from the District of Columbia.[5] All of the witnesses, including the relevant physicians, are either in the District of Massachusetts or are at least much closer to that district than to the District of Columbia.[6] As "the most critical factor" is the convenience of the witnesses, and such factor points to transfer, this Court should transfer this case to the District of Massachusetts. *See Chung v. Chrysler Corp.*, 903 F. Supp. 160, 164 (D.D.C. 1995).

Plaintiffs seek to eliminate consideration of this critical element in Lilly's transfer motion by asserting that they will produce all the necessary witnesses. Plaintiffs' counsel

---

[2] *See* http://www.mapquest.com.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] Dr. Aleli Villaneuva is located less than 4 miles from the District of Massachusetts, Western Division courthouse, which is located at 1550 Main Street, Springfield, Massachusetts. Dr. Kermit Kenler is located less than 2 miles from the Western Division courthouse. Dr. Sean Flaherty and Dr. Antonio Asis are located approximately 65 miles from the Western Division courthouse. *See* http://www.mapquest.com. All distances were determined based on the addresses provided by plaintiff in her Answers to Lilly's First Set of Interrogatories (Exhibit 1 to Lilly's Memorandum in Support of its Motion to Transfer, at No. 7).

cannot, however, guarantee the cooperation of non-parties over whom plaintiffs' counsel has no control. All of the non-party witnesses in this case reside beyond the subpoena power of this Court and, at least as to plaintiffs' treating physicians and other non-family member witnesses, are unlikely to voluntarily travel hundreds of miles to appear at trial in the District of Columbia. In contrast, all of the non-party witnesses identified in Lilly's motion to transfer and memorandum in support are within the subpoena power of the District of Massachusetts. Further, because all of the events relevant to this lawsuit occurred in Massachusetts, it is very likely that there are independent fact witnesses currently unknown to counsel who reside in the state of Massachusetts who are unwilling to voluntarily appear for trial and will require a subpoena.

Lilly will be greatly prejudiced if forced to defend itself against plaintiffs' claims in a district where none of the non-party fact witnesses are subject to that court's subpoena power and therefore cannot be compelled to testify at trial. Furthermore, the fact-finder ultimately charged with determining the merits of this case would not have the benefit of assessing the credibility of each witness, due to the non-party witnesses' absence from trial in this District. *See Pryocap Int'l Corp., v. Ford Motor Co.*, 2003 WL 1623898 at *6 (D.D.C. Mar. 31, 2003, Civil Action No. 02-346) (*quoting Classen v. Brown*, 1996 WL 79490 at *6 (D.D.C. Feb. 16, 1996, Civil Action. No. 94-1018) ("Live testimony is always markedly preferable to written depositions, particularly where the resolution of critical factual issues will likely turn on the credibility of the witnesses."); *See also DeLoach v. Phillip Morris Cos., Inc.*, 132 F.Supp. 2d 22, 25 (D.D.C. 2001) (citations omitted) (stating that a Court's ability to compel the appearance of unwilling non-party witnesses is an "important factor" to be examined by a district court in weighing the arguments for and against transfer).

5

Even if plaintiffs' counsel could guarantee the appearance of these individuals at trial – which he cannot – such a promise completely fails to take into account the convenience of the potential witnesses in this matter.  *See Chung*, 903 F.Supp. at 164.  These non-party witnesses are unlikely to agree to travel to the District of Columbia, and could not be compelled by plaintiffs, plaintiffs' counsel, Lilly, or this Court to appear and testify.

Plaintiffs' reliance on *Thayer/Patricof Educ. Funding LLC v. Pryor Res.*, 196 F.Supp.2d 21 (D.D.C. 2002), *FC Inv. Group LC v. Lichtenstein*, 441 F.Supp.2d 3 (D.D.C. 2006), and *Cell Genesys, Inc. v. Applied Research Sys. ARS Holding N.V.*, 2005 U.S. Dist. LEXIS 10152 (D.D.C. Jan. 18, 2005), for the proposition that Lilly must make a showing that witnesses would be unwilling to travel to the District of Columbia is misplaced.

In *Thayer*, unlike here, the relevant events had a "significant connection with this forum."  *Thayer,* 196 F.Supp.2d at p. 35.  As such, plaintiff's choice of forum was afforded "great deference."  *Id*. at p. 31.  Likewise, in *FC Inv. Group*, the District of Columbia had "meaningful ties to the controversy" because many of the events at issue took place in the District of Columbia and because the plaintiff was located in the District of Columbia.  *FC Inv. Group*, 441 F.Supp.2d at 6, 13.  The *Cell Genesys* opinion is completely inapplicable because the court initially denied the defendant's motion to transfer because the court was unsure whether the plaintiff was subject to the personal jurisdiction of the proposed transferee forum.  *Cell Genesys*, 2005 U.S. Dist. LEXIS 10152 at *4.  Here, there are no personal jurisdiction issues.  Additionally, while neither party in *Cell Genesys* was a resident of the District of Columbia, the court gave deference to the plaintiff's choice of forum because it was supported by relevant statutory authority that could not be legitimately questioned.  *Id*. at *10.  The referenced statute, 35 U.S.C. § 146 ("Civil action in case of interference") is not at issue in this case.  The *Cell*

*Genesys* court also initially determined that the defendant did not meet its burden of showing that the District of Massachusetts would have been more convenient for the witnesses given that live testimony might not have been necessary due to the quasi-*de novo* review under 35 U.S.C. § 146 which, again, is not at issue here. *Id.* at *13. Finally, even if the Court decides that Lilly has not met its burden with regard to the convenience of the witnesses, which Lilly believes it has, the convenience of the witnesses is but one of 10 public and private interests to be considered in Lilly's motion, the vast majority of which overwhelmingly support Lilly's motion.    It is interesting to note that plaintiffs failed to mention that this Court did eventually transfer the *Cell Genesys* case to Massachusetts in an order that made no mention of requiring a showing of witness unavailability.  *See Cell Genesys, Inc. v. Applied Research Sys. ARS Holding N.V.*, 2005 WL 3273429, Civil Action No. 04-1407 (D.D.C. Nov. 14, 2005) (Bates, J.), attached as **Attachment C** to Exhibit 1.

Here, plaintiffs' choice of forum is not entitled to deference because (1) they do not reside in this forum, and (2) there is no factual nexus between this case and the District of Columbia.  As noted in Lilly's Memorandum in Support of its Motion to Transfer (at pp. 7-9), plaintiffs have chosen to sue in a forum with no factual nexus to their claims.  As such, not only is plaintiffs' choice of forum not entitled to deference, the presumption may switch to Lilly's favor because neither side resides in this forum and the cause of action arose elsewhere.  *Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989); *McClamrock v. Eli Lilly and Company*, 267 F. Supp. 2d 33, 37 (D.D.C. 2003);  *Boers v. U.S.*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001); *Trout Unlimited v. United States Dept. of Agriculture*, 944 F. Supp. 13, 17 (D.D.C. 1996).  *See also* this Court's decisions in *Thompson v. Eli Lilly and Company*, Civil Action No. 03-00122 (D.D.C. June 27, 2003), and *Abramson v. Eli Lilly and*

*Company*, Civil Action No. 03-2541 (D.D.C. Oct. 25, 2004), attached to Lilly's Memorandum in Support of its Motion to Transfer as Exhibit 2, Attachments A and B respectively. *See also Brannen v. Nat'l R.R. Passenger Corp.*, 403 F.Supp.2d 89, 93 (D.D.C. 2005) (holding "[a]lthough the court gives deference to the plaintiff's choice, it need give substantially less deference when the forum preferred by plaintiff is not his home forum.") (citation and internal quotation marks omitted).

In *Thayer*, *FC Inv. Group* and *Cell Genesys*, the party moving for transfer had to meet a higher burden of showing the necessity of transfer due to the fact that the cases had substantial factual or statutory connections to the District of Columbia. Thus, any showing that witnesses would be unwilling to travel to the District of Columbia discussed in those cases was intended as a balancing factor to overcome the deference accorded plaintiffs' choice of forum. Here, plaintiffs are not entitled to such deference because they do not reside in this forum and there is no factual nexus between this case and the District of Columbia.

This point is bolstered by the fact that Judge Bates, author of the *Thayer* and *Cell Genesys* opinions, and Judge Collyer, author of the *FC Inv. Group* opinion, have both subsequently authored opinions granting Lilly's motions to transfer on facts similar to this case without requiring any showing of the unavailability of the witnesses. *See Lagor v. Eli Lilly and Company*, Civil Action No. 06-1967 (D.D.C. June 18, 2007) (Bates, J.), **Attachment A** to Exhibit 1; *McKelvey v. Eli Lilly and Company*, Civil Action No. 06-1820 (D.D.C. April 12, 2007) (Collyer, J.) (Exhibit 2, Attachment C to Lilly's Memorandum in Support of its Motion to Transfer).

Finally, it is worth noting that after they filed their opposition to Lilly's motion to transfer the present case, plaintiffs' counsel filed a motion to transfer another DES case that, like

8

the instant case, has no connection to the District of Columbia. However, in their own motion to transfer, plaintiffs' counsel made no showing of the unavailability of witnesses and made no reference to *Thayer*, *FC Inv. Group* or *Cell Genesys*. *See* Plaintiff's Motion to Transfer to the Eastern District of New York, filed Aug. 8, 2007 in *Pavlicas v. Eli Lilly and Company,* Civil Action No. 07-1318 (D.D.C.), **Attachment D** to Exhibit 1. This demonstrates plaintiffs' counsel's recognition of the fact that any showing of witness unavailability is not required by this Court in cases, like this one, where the plaintiff does not reside in the District of Columbia and where the case has no factual connection to the District of Columbia.

## III.    THE LOCATION OF PLAINTIFFS' EXPERT WITNESSES DOES NOT WARRANT DENIAL OF LILLY'S MOTION

Plaintiffs seek to divert this Court's attention from the relevant factors by listing the locations of their paid expert witnesses. They state that the expert witnesses expected to testify in this case reside in states scattered around the country, including Maryland, New Jersey, Pennsylvania and Kansas. *See* Opp. at 3-4. Plaintiffs argue that Massachusetts would not prove more convenient for these expert witness, and therefore that this Court should deny transfer. This argument, however, is unavailing. This Court has previously held that the convenience of expert witnesses is not a significant factor in this Court's decision whether to transfer this case under 28 U.S.C. 1404(a). *See Froessl v. Expervision*, 1994 WL 149855, *4 (D.D.C. 1994) (" . . . although the convenience of experts is not irrelevant [in considering a § 1404(a) motion], the Defendant properly points out that their convenience is entitled to little consideration in this context.") (citation omitted); *see also Lentz v. Eli Lilly and Co.*, Civil Action No. 06-1374, at 3 (D.D.C. Dec. 18, 2006) (Huvelle, J.) (discounting plaintiff's argument regarding the convenience of expert witnesses and recognizing that expert witnesses "by virtue of their role as paid experts must be prepared to travel to testify and are compensated for doing so . . .") (Exhibit 2,

9

Attachment C to Lilly's Memorandum in Support of its Motion to Transfer). As already shown, Massachusetts is much more convenient for the parties and non-expert witnesses. The convenience of these witnesses should not be disregarded in favor of the convenience of paid expert witnesses. Therefore, this Court should not deny transfer based on plaintiffs' argument regarding the location of their experts.

## IV. LILLY'S DE MINIMUS CONTACTS WITH THE DISTRICT OF COLUMBIA DO NOT DETRACT FROM THE GREAT WEIGHT OF THE EVIDENCE SUPPORTING LILLY'S MOTION TO TRANSFER

Plaintiffs argue that the "District of Columbia in this case is just not so bereft of contact to this case that it needs to yield jurisdiction." Opp. at 11. However, that is exactly the case. None of the witnesses, expert or otherwise, are located in the District of Columbia. None of the events giving rise to this case – the alleged prescription, purchase or ingestion of DES – occurred in the District of Columbia. Additionally, plaintiffs' suggestion that Lilly's interaction with the FDA and promotion of DES provide a connection to the District of Columbia has been flatly rejected by courts in the District of Columbia. *See In re AT&T Access Charge Litig.*, No. Civil Action 05-1360, 2005 WL 3274561, *3 (D.D.C. Nov. 16, 2005) (Huvelle, J.) (to accept governmental contacts in D.C. as a basis for venue "would amount to an open invitation to litigants to sue private parties in this jurisdiction whenever the case has some relationship to an agency action."). *See also DeLoach v. Philip Morris Co.*, 132 F. Supp. 2d 22 (D.D.C. 2000); *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

Indeed, this Court has specifically rejected the argument that FDA regulatory action regarding DES established a connection between DES lawsuits and the District of Columbia. *See Thompson v. Eli Lilly and Company*, Civil Action No. 03-00122 (D.D.C. June 27, 2003) (Walton, J.), Attachment A to Exhibit 2 to Lilly's Memorandum in Support of its Motion to Transfer, at p. 5; *Abramson v. Eli Lilly and Company*, Civil Action No. 03-2541

10

(D.D.C. Oct. 25, 2004) (Bates J.), Attachment B to Exhibit 2 to Lilly's Memorandum in Support of its Motion to Transfer, at p. 4 n.6. Therefore, Lilly's promotion of DES and "army of lobbyists" are not enough to support a denial of transfer. *See* Opp. at 10.

## V.    ALL OF PLAINTIFFS' REMAINING ARGUMENTS ARE UNPERSUASIVE

### A.  Lilly's Prior Litigation in the District of Columbia

Plaintiffs' argument that because Lilly has, in the past, employed the courts of the District of Columbia for its own litigation, this case should remain in this Court has specifically been rejected by this Court. *See* Opp. at 11-12. In both *Abramson* and *Thompson*, this Court rejected Lilly's previous filing of a lawsuit in the District of Columbia as determinative of a motion to transfer. *See* Lilly's Memorandum in Support of its Motion to Transfer, Attachment A to Exhibit 2, at p. 5; Attachment B to Exhibit 2, at pp. 2-3. As Judge Bates noted in *Abramson*, Lilly's choice of forum in its litigation against insurers regarding coverage for DES claims was based in part on the need to accommodate travelers from around the globe. *Abramson*, at n.4. This is not an issue for plaintiff in the present case because she resides approximately 55 miles from the District of Massachusetts, Western Division. The remaining identified non-expert witnesses in this case, including the physicians who have diagnosed and treated plaintiff's alleged conditions, are less than 100 miles from that district as well. Further, the fact that the District of Columbia was a convenient forum for that litigation does not determine that the District is appropriate for this case, which alleges a specific personal injury claim premised on a particular sale of a product and the alleged inadequacy of Lilly's warnings at that moment in time.

141495v2

B. Availability of Magistrate Judge Kay

Plaintiffs also argue that the "availability of Judge Kay has been held as a factor against transfer." Opp. at 12. This Court has specifically rejected this argument as well, holding that Magistrate Kay's experience mediating DES cases is an insufficient ground to maintain a case in the District of Columbia that should otherwise be transferred in response to a properly filed motion to transfer. *See* Lilly's Memorandum in Support of its Motion to Transfer to the District of Massachusetts, pps. 10-11, and citations contained therein.

C. Choice of Law

Finally, plaintiffs argue that because it has "yet to be determined" that Massachusetts law will apply to this case, the case should not be transferred. As noted in Lilly's Memorandum in Support of its Motion, under the District of Columbia's choice of law analysis, Massachusetts law will most certainly apply to this action.

The four factors analyzed under the choice of law provision are: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. *Herbert v. District of Columbia*, 808 A.2d 776, 779 (D.C. 2002); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 (1971). Three of these four factors clearly point to Massachusetts law, with the only exception being to the residence of the parties. Not a single factor favors application of District of Columbia law. Accordingly, because the substantive body of law that will determine the issues in this case will be derived from Massachusetts law, the public interest factor of holding the trial in a court whose state's law will govern the case strongly supports the granting of Lilly's motion to transfer this case to Massachusetts. Plaintiffs' suggestion that the case

12

should not be transferred because a District of Columbia court is in a better position to interpret the District of Columbia statute of limitations is unpersuasive when compared to the much larger issues that will be determined by the substantive law of Massachusetts.

## CONCLUSION

This case has substantial connections to the District of Massachusetts and no connection whatsoever to the District of Columbia. The interests of justice supports transfer of this case to the District of Massachusetts. Accordingly, Lilly's Motion to Transfer this action to the United States District Court for the District of Massachusetts should be granted.

Respectfully submitted,

_/s/ John Chadwick Coots_____
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

13

## CERTIFICATE OF SERVICE

   I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 9th day of August, 2007, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiffs**

           /s/ John Chadwick Coots
          **ATTORNEY FOR DEFENDANT**
          **ELI LILLY AND COMPANY**

141495v2

# Exhibit 1

To
Reply in Support of
Defendant Eli Lilly and Company's
Motion to Transfer to the District of Massachusetts

Filed in:
*Suzanne Robinson, et al. v. Eli Lilly and Company*
U.S. District Court for the District of Columbia
Civil Action No. 07-cv-00153-RWR

140993v1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

SUZANNE R. ROBINSON and
JOSEPH L. ROBINSON,

     **Plaintiffs,**

   **vs.**

ELI LILLY AND COMPANY,

     **Defendant**.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

  **CIVIL ACTION No. 1:07-cv-00153-RWR**

### AFFIDAVIT OF JOHN C. COOTS IN SUPPORT OF
### DEFENDANT ELI LILLY AND COMPANY'S
### <u>REPLY IN SUPPORT OF ITS MOTION TO TRANSFER</u>

  I, John C. Coots, being first sworn on oath, say that the following is true and correct:

  1.  I am an attorney in the firm of Shook, Hardy & Bacon, LLP, counsel for defendant Eli Lilly and Company ("Lilly") in the above-captioned action.

  2.  **Attachment A** is a true copy of this Court's decision in *Lagor v. Eli Lilly and Company*, Civil Action No. 06-1967 (D.D.C. June 18, 2007) (Bates, J.).

  3.  **Attachment B** is a true copy of this Court's decision in *Dean v. Eli Lilly and Company,* Civil Action No. 06-1375 (D.D.C. June 1, 2007) (Sullivan, J.).

  4.  **Attachment C** is a true copy of this Court's decision in *Cell Genesys, Inc. v. Applied Research Sys. ARS Holding N.V.*, 2005 WL 3273429, Civil Action No. 04-1407 (D.D.C. Nov. 14, 2005) (Bates, J.).

141521v1

5.     **Attachment D** is a true copy of plaintiffs' counsel's Motion to Transfer to the Eastern District of New York, filed on August 8, 2007, in *Pavlicas v. Eli Lilly and Company,* Civil Action No. 07-1318 (D.D.C.).


Executed on August 9, 2007

John C. Coots


DISTRICT OF                    )
                               )ss.
COLUMBIA                       )


On this 9th day of August, 2007, before me, a notary public in and for said state, personally appeared John C. Coots, to me personally known, who being duly sworn, acknowledged that he had executed the foregoing instrument for purposes therein mentioned and set forth.


NOTARY PUBLIC


My Commission Expires:

Michel Y. Thompson
Notary Public, District of Columbia
My Commission Expires 10-14-2009


2

141521v1

# Attachment A

To
Affidavit of John C. Coots in Support of
Defendant Eli Lilly and Company's
Reply in Support of Its Motion to Transfer

Filed in:
*Suzanne Robinson, et al. v. Eli Lilly and Company*
U.S. District Court for the District of Columbia
Civil Action No. 07-cv-00153-RWR

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KATHARINE LAGOR, et al.

    Plaintiffs,

        v.

ELI LILLY AND COMPANY, et al.

    Defendants.

Civil Action No.  06-1967(JDB)

## <u>ORDER</u>

Upon consideration of [16] plaintiffs' motion to transfer this case to the U.S. District Court for the District of Massachusetts, [17] defendant Eli Lilly and Company's motion to transfer this case to the U.S. District Court for the District of Rhode Island, the oppositions and replies thereto, and the entire record herein, and for the reasons stated in the Memorandum Opinion issued on this date, it is this 18th day of June, 2007, hereby

    **ORDERED** that plaintiffs' motion to transfer is **DENIED**; and it is further

    **ORDERED** that defendant's motion to transfer is **GRANTED**, and this case is hereby

**TRANSFERRED** to the U.S. District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

    **SO ORDERED**.

/s/
_____
JOHN D. BATES
United States District Judge

Dated:   June 18, 2007

-1-

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **KATHARINE LAGOR, et al.**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ELI LILLY AND COMPANY, et al.**<br><br>**Defendants.** | **Civil Action No. 06-1967(JDB)** |

## MEMORANDUM OPINION

Plaintiffs Katharine Lagor and Timothy Lagor bring this products-liability action individually and on behalf of their minor daughter, Emily Grace Lagor, against defendant Eli Lilly and Company for injuries allegedly sustained as a result of Katharine Lagor's in utero exposure to diethylstilbestrol ("DES"). Both parties now move to transfer this action to a different venue pursuant to 28 U.S.C. §1404(a). Plaintiffs seek transfer to the U.S. District Court for the District of Massachusetts, while defendants seek transfer to the U.S. District Court for the District of Rhode Island. Upon consideration of the parties' submissions, and for the reasons set forth below, the Court will grant defendant's motion and deny plaintiffs' motion, and accordingly this case will be transferred to the District of Rhode Island.

## BACKGROUND

The parties agree as to the central facts relevant to the disposition of their respective motions to transfer. Plaintiffs reside in Seekonk, Massachusetts -- a town located approximately five miles from the Massachusetts-Rhode Island border. Plaintiff Katharine Lagor's mother,

Barbara Fahey, also lives in Seekonk. While pregnant with Katharine, Fahey was prescribed DES by her physicians in Providence, Rhode Island. Fahey purchased DES at a pharmacy in Rumford, Rhode Island and ingested the drug at her home in Seekonk. Fahey gave birth to plaintiff Katharine Lagor in Providence, Rhode Island in 1955.[*] As a result of her embryonic DES exposure, Katharine allegedly sustained cervical incompetency and was rendered incapable of carrying a child to full term. Consequently, Katharine's daughter, Emily Grace Lagor, was born prematurely and now suffers from cerebral palsy.

Like her mother, Emily Grace Lagor was born in Providence, Rhode Island. All but one of the physicians identified as having diagnosed or treated Emily Grace and Katharine Lagor for their alleged DES-related injures are located in Rhode Island. Emily Grace has been hospitalized once in Boston, Massachusetts, and numerous times throughout Rhode Island. The operative facts of this case are thus connected to both the state of Rhode Island and the state of Massachusetts. Plaintiffs concede that this case has no connection to the District of Columbia "beyond that the Defendants conduct or have conducted significant business there." Pls.' Mot. to Transfer at 2.

## ANALYSIS

28 U.S.C. §1404(a) authorizes a district court to transfer any civil action to any other district where it originally might have been brought "[f]or the convenience of parties and

---

[*] Contrary to plaintiffs' assertion that Katharine Lagor was born in Seekonk, Massachusetts, see Pls.' Mem. in Supp. of Mot. to Transfer ("Pls.' Mem.") at 1, Katharine Lagor identifies her place of birth as Providence, Rhode Island. See Def's. Exh. 2 (Katharine Lagor's Answers to Interrogatories) at 2, No. 1.

witnesses, [and] in the interest of justice."  A party moving to transfer under 28 U.S.C. §1404(a)

bears the burden of establishing (1) that the plaintiff initially could have brought the action in the

proposed transferee district, and (2) that considerations of convenience and the interests of justice

weigh in favor of transfer.  See Brannen v. National R.R. Passenger Corp., 403 F. Supp. 2d 89,

92 (D.D.C. 2005); see also Trout Unlimited v. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C.

1996).  Plaintiffs do not dispute that they could have brought this suit in the District of Rhode

Island, nor do defendants dispute plaintiffs' contention that suit could have been filed in the

District of Massachusetts.  Subject-matter jurisdiction, personal jurisdiction, and venue would be

proper in both states.  Because plaintiffs and defendants have both met the threshold requirement

for transfer under §1404(a), the Court must assess whether either party has satisfied its burden of

showing that considerations of convenience and the interests of justice support transfer to the

District of Massachusetts or to the District of Rhode Island.

Section §1404(a) grants district courts broad discretion "to adjudicate motions to transfer

according to 'an individualized, case-by-case consideration of convenience and fairness.'"

Stewart Org., Inc v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376

U.S. 612, 622 (1964)).  Specifically, courts weigh a number of "private-interest" and "public-

interest" factors in order to evaluate whether transfer is warranted in a particular case.  Trout

Unlimited, 944 F. Supp. at 16. The private-interest considerations include: (1) the plaintiff's

choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4)

the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that

the witnesses may be unavailable for trial in one of the fora; and (6) the ease of access to the

sources of proof.  Id. (citations omitted).  The public-interest considerations include: (1) the

transferee court's familiarity with the governing laws; (2) the relative congestion of the calendars

of the potential transferee and transferor courts; and (3) the local interest in adjudicating local

controversies at home.  Id.

**A. Private-Interest Factors**

      Here, the private-interest factors weigh in favor of transfer to the District of Rhode Island.

With respect to the first private interest factor -- the plaintiff's choice of forum -- courts have

recognized that the deference generally given to a plaintiff's choice of forum is reduced when the

chosen forum is not the plaintiff's home forum, see Piper Aircraft Co. v. Reyno, 454 U.S. 235,

255-56 (1981); Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001), or when the

chosen forum has "no factual nexus with the lawsuit," Schmid Labs., Inc. v.  Hartford Acc. &

Indem. Co., 654 F. Supp. 734, 737 (D.D.C. 1986).  The showing a defendant must make to

justify transfer is further diminished where transfer is sought to a "forum with which plaintiffs

have substantial ties and . . . the subject matter of the lawsuit is connected." Trout Unlimited,

944 F. Supp. at 17.  Thus, in a DES case similar to this one, another judge in this district granted

the defendant's motion to transfer from the District of Columbia both because the case was

substantially connected to the transferee forum and because the District of Columbia had "no

such connection" to the case.  Thompson v. Eli Lilly and Co., Civ. A. No. 03-122, slip. op. at 5

(D.D.C. June 27, 2003).  Just like in Thompson, the only link between the present case and the

District of Columbia is that Eli Lilly has conducted significant business in the District.  Plaintiffs

Katharine and Emily Grace Lagor were born in Rhode Island, all but one of plaintiffs' physicians

are located in Rhode Island, and Barbara Fahey purchased and was prescribed DES in Rhode

Island.  Because the District of Columbia was not plaintiffs' home forum to begin with -- nor the

situs of any of the facts giving rise to this specific cause of action -- plaintiffs' initial choice of forum merits little deference.

Several district courts have also recently held that where a plaintiff herself seeks transfer, the plaintiff's "second or third choices of forum receive[] <u>no</u> deference." <u>Health Discovery Corp. v. Ciphergen Biosystems, Inc.</u>, Civ. A. No. 06-260, 2007 WL 128283, at *3 (E.D. Tex. Jan. 11, 2007) (emphasis added); <u>see also</u> <u>Tiffany v. Hometown Buffet, Inc.</u>, Civ. A. No. 06-2524, 2006 WL 2792868, at *2 (N.D. Cal. Sept. 28, 2006). Although the record does not disclose plaintiffs' motivations for initially filing suit in the District of Columbia and then requesting transfer to the District of Massachusetts four months later (rather than bringing suit in Massachusetts originally), the Supreme Court has warned against allowing parties to use motions to transfer as veiled means of forum shopping. <u>See</u> <u>Van Dusen</u>, 376 U.S. at 636 (stating that §1404(a) was intended as a "judicial housekeeping measure" rather than a "forum-shopping instrument"); <u>see also</u> <u>Schmid Labs</u>, 654 F. Supp. at 737 (stating that "the transfer provisions in the U.S. Code . . . were in part intended to prevent forum shopping"); <u>Tiffany</u>, 2006 WL 2792868, at *2 (denying plaintiffs' motion to transfer where filing suit in one jurisdiction and then moving to transfer was indicative of forum shopping). Regardless of whether, as defendants urge, plaintiffs' decision to sue in this district constituted a strategic attempt to avail themselves of the District of Columbia's "advantageous statute of limitations," <u>see</u> Def.'s Mem. in Supp. of Mot. to Transfer ("Def.'s Mem.") at 5, or reflected more practical concerns (such as the presence of plaintiffs' counsel here), this Court accords no weight to plaintiffs' second-choice forum.

The remaining private-interest factors likewise favor transferring the present action to the District of Rhode Island. First, there is a substantial nexus between defendants' forum choice and

the facts of this case.  As another member of this Court recently explained in <u>Dean v. Eli Lilly &</u>

<u>Co.</u>, Civ. A. No. 06-1375, 2007 WL 1589496, at *2 (D.D.C. June 1, 2007), "the issues of

whether the plaintiffs were exposed to Eli Lilly's product, the extent of the plaintiffs' injuries, and

causation all center around Eli Lilly's sale of DES" -- a sale that, in this case, occurred in Rhode

Island.

     The third private-interest factor the Court considers -- where the claim arose -- also leans

in favor of transfer to Rhode Island.  Not only was the DES prescribed to Fahey in Rhode Island,

but she also purchased the drug and gave birth to her daughter Katharine there as well. Both

Katharine and Emily Grace Lagor received diagnoses and treatment for their alleged DES-related

injuries almost exclusively in Rhode Island.  Although plaintiffs claim that Fahey's ingestion of

DES in Massachusetts serves to make Massachusetts the place of the plaintiffs' injuries, <u>see</u> Pls.'

Mem. at 6, and thus the site where their claims arose, plaintiffs have failed to cite any case where

the mere fact of DES ingestion in a state warranted transfer to that state.  Rather, in all of the

cases cited by plaintiffs, the site of ingestion was <u>also</u> the site of the DES prescription, purchase,

and usually, the birth of the afflicted child.  <u>See</u> <u>Thompson</u>, Civ. A. No. 03-122, slip op. at 2

(finding site where DES was prescribed, purchased, and ingested to be location giving rise to

plaintiffs' claims); <u>see also</u> <u>Dean</u>, 2007 WL 1589496, at *3 (plaintiffs' claims arose in

Massachusetts because the alleged prescription, purchase, and exposure to DES occurred in that

state); <u>Clayton v. Eli Lilly & Co.</u>, 421 F. Supp. 2d 77, 80 (D.D.C. 2006) (operative events

regarding DES claim include not only site of DES ingestion and <u>in utero</u> exposure, but also place

where DES prescription was filled).  Moreover, even though Massachusetts was the technical site

of plaintiff Katharine Lagor's injuries, Rhode Island remains the place of plaintiff Emily Grace

-6-

Lagor's injuries, since they occurred not during in utero DES exposure in Massachusetts, but from a premature birth in Rhode Island. Thus, the clear majority of the material events that constitute the factual basis of plaintiffs' claims occurred in Rhode Island.

While plaintiffs argue that the fourth private-interest factor -- the convenience of the parties -- warrants transfer to Massachusetts, the Court does not find this factor dispositive. By initially filing suit in the District of Columbia, plaintiffs made clear their willingness "to forego the convenience of a geographically nearby forum." Dean, 2007 WL 1589496, at *3. In addition, defendants correctly point out that plaintiffs' hometown of Seekonk, Massachusetts is actually fifty miles closer to the federal courthouse in Providence, Rhode Island than to their requested federal courthouse in Boston, Massachusetts. See Def.'s Mem. at 8. The Court further notes that the parties' desired forums are in relatively close proximity, thereby minimizing any inconvenience to plaintiffs that could result from a transfer to Rhode Island as opposed to a transfer to Massachusetts. Although both parties are represented by counsel in the District of Columbia, the location of counsel "bears little, if any, weight in a court's determination of whether to transfer under §1404(a)." Dean, 2007 WL 1589496, at *3 n.1 (citing McClamrock v. Eli Lilly & Co., 267 F. Supp. 2d 33, 40 (D.D.C. 2003)).

Not only will transfer to Rhode Island result in minimal, if any, inconvenience to the parties, but "the most critical factor to examine under 28 U.S.C. §1404(a) is the convenience of the witnesses," not the convenience of the parties. Chung v. Chrysler Corp., 903 F. Supp. 160, 164 (D.D.C. 1996); see also Abramson v. Eli Lilly & Co., Civ. A. No. 03-2541, slip. op. at 3 (D.D.C. 2004). An examination of the potential witnesses in this case demonstrates that the lawsuit best belongs in the District of Rhode Island. The central issues relevant in a DES

-7-

products liability/personal injury action are "questions of exposure, product identification, and the nature and extent of [the plaintiffs'] alleged injuries." Thompson, Civ. A. No. 03-122, slip op. at 4 n.1. Aside from deposing the plaintiffs, the resolution of these issues will involve deposing Barbara Fahey, Fahey's prescribing physicians and pharmacists, as well as the physicians who have diagnosed and treated plaintiffs Katharine and Emily Grace Lagor for their alleged DES-related injuries. As plaintiffs admitted in their interrogatory responses, both of Fahey's prescribing physicians, all of Katharine Lagor's named physicians, and all but one of Emily Grace Lagor's physicians are located in Rhode Island. See Def.'s Exh. 2 at 3-7, Nos. 7, 9, 10, 11, 17; Def.'s Exh. 3 (Emily Grace Lagor's Answers to Interrogatories) at 2-3, No. 5. The pharmacy where Fahey filled her DES prescription is also located in Rhode Island. See Def.'s Exh. 2 at 8-9, No. 20. By contrast, there are no essential non-party witnesses in the District of Columbia, and only two potential non-party witnesses in Massachusetts (one of Emily Grace Lagor's seven identified physicians and Fahey herself). Although all of the potential witnesses are within the subpoena power of both Massachusetts and Rhode Island, the vast majority are located in Rhode Island, and consequently, transfer to Rhode Island will be the most convenient for the greatest number of potential witnesses. Finally, transfer to Rhode Island will best facilitate access to sources of proof, given that almost all of the relevant medical and pharmaceutical records are located there.

**B. Public-Interest Factors**

In addition to the private-interest factors weighing in favor of transfer, the relevant public-interest factors also suggest that this case should be transferred to Rhode Island. The first such factor that this Court considers is the proposed transferee district's familiarity with the

governing law.  Courts agree that the public interest is "best served by having a case decided by

the federal court in the state whose laws govern the interests at stake."  Trout Unlimited,  944 F.

Supp. at 19; see also Schmid Labs, 654 F. Supp. at 737 n.11.  Although the issue has not yet been

resolved, Rhode Island substantive law will most likely govern this case.  Under the District of

Columbia choice of law analysis for tort actions, a court must consider four factors to determine

which state's substantive law will apply: (1) the place where the injury occurred; (2) the place

where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of

incorporation and place of business of the parties; and (4) the place where the relationship

between the parties, if any, is centered.  See Herbert v. District of Columbia, 808 A.2d 776, 779

(D.C. 2002) (citing Restatement (Second) of Conflict of Laws §145 cmt. d (1971)).  The Court

evaluates these factors for the ultimate purpose of determining which jurisdiction has the most

significant relationship to the dispute.  See Jaffe v. Palotta Teamworks, 374 F.3d 1223, 1227

(D.C. Cir. 2004); see also Clayton, 421 F. Supp. at 80; Bortell v. Eli Lilly & Co., 406 F. Supp. 2d

1, 5 (D.D.C. 2005).

        In this case, Rhode Island has the most significant relationship to the parties' dispute.

Although plaintiffs reside in Massachusetts and Katharine Lagor's injuries technically "occurred"

in Massachusetts (since the place of injury in DES cases is the location of in utero DES exposure,

see, e.g., Dean, 2007 WL 1589496, at *4; Bortell, 406 F. Supp. 2d at 5), Emily Grace Lagor's

alleged injuries occurred in Rhode Island.  Concretely, Emily Grace Lagor was harmed not when

her grandmother ingested DES in Massachusetts in 1954-55, but instead, when she was born

prematurely in Rhode Island in 1990.  Rhode Island is also the place where most of the conduct

causing both of the plaintiffs' injuries occurred -- and where the relationship between the parties

is centered. Barbara Fahey was prescribed DES by a doctor in Rhode Island and she purchased

DES from a pharmacy in Rhode Island. The mere fortuity that ingestion of the drug, the "last act

necessary to cause plaintiff's injuries," Bortell, 406 F. Supp. at 5, occurred in Massachusetts does

not negate the fact that most of the operative events giving rise to the plaintiffs' injuries

transpired in Rhode Island. See Clayton, 421 F. Supp at 80 (stating that place where DES

prescription was filled is a relevant factor in assessing where conduct causing plaintiffs' injuries

occurred); Bortell, 406 F. Supp. at 5 (examining not only place where DES was ingested, but also

place where DES was prescribed and dispensed to determine where conduct causing plaintiffs'

injuries occurred).

Also favoring Rhode Island as a venue is the principle that a plaintiff's residence and

place of injury -- although both relevant in choice-of-law analyses -- are by no means dispositive

where most of the conduct leading to the injury occurred elsewhere. See Long v. Sears Roebuck

& Co., 877 F. Supp. 8 (D.D.C. 1995). The court in Long found that District of Columbia law

applied to a products liability action stemming from an accident involving a Maryland resident

that had occurred in Maryland, since the conduct leading to the injury (that is, "the sale of the

allegedly defective product") occurred in the District of Columbia, the "seller-purchaser

relationship" between the parties was centered in the District of Columbia, and the defendants'

"alleged misrepresentation" as to the safety of their product occurred in the District of Columbia.

Id. at 12. Just as in Long, the conduct causing plaintiffs' injuries in this case -- the prescription

and sale of the DES -- occurred in Rhode Island, the seller-purchaser relationship between the

parties was consummated at a pharmacy in Rhode Island, and any alleged misrepresentation

made by Eli Lilly to the plaintiffs' physicians and pharmacists also occurred in Rhode Island

-10-

(where they were located).  Hence, while Massachusetts certainly has an interest in the present

litigation because it is the site of plaintiff Katharine Lagor's injuries and plaintiffs' place of

residence, Rhode Island has a more significant interest in plaintiffs' claims and, consequently, its

substantive law will probably apply to this case.  Because a Rhode Island court is best qualified

to apply its own law, plaintiffs' claims should be heard in Rhode Island.

   The second public-interest factor -- the relative docket congestion in the transferor and

transferee forums -- also points towards transfer to Rhode Island.  As this Court explained in

Abramson, Civ. A. No. 03-2541, slip op. at 4-5, "given the very minimal connection of this

lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and

its limited resources . . . with this case."  Not only is Rhode Island's court calendar less congested

than the court calendar of the District of Columbia, but it is also less congested than the court

calendar of Massachusetts.  See James C. Duff, 2006 Annual Report of the Director of the United

States Courts, App. C5 & C10, http://www.uscourts.gov/judbus2006/appendices/c5.pdf;

http://www.uscourts.gov/judbus2006/appendices/c10.pdf.  Moreover, since discovery in this case

has just begun -- and the Court has not yet familiarized itself with the underlying merits of the

plaintiffs' claims -- there would be relatively little delay associated with transfer to Rhode Island.

   Finally, transfer to Rhode Island will support the compelling public interest in having

controversies resolved in the locale where they arise.  Although Massachusetts undoubtedly has

an interest in adjudicating the personal injury claims of its own citizens, see, e.g., Dean, 2007

WL 1589496, at *5; Lentz v. Eli Lilly and Co., 464 F. Supp. 2d 35, 38 (D.D.C. 2006), Rhode

Island has an even greater interest in adjudicating DES cases in which the alleged prescription of

DES, sale of DES, and birth of the afflicted individuals all occurred within its borders.

-11-

## <u>CONCLUSION</u>

For the foregoing reasons, defendants' motion to transfer this case to the U.S. District

Court for the District of Rhode Island pursuant to 28 U.S.C. §1404(a) is granted, and plaintiffs'

motion to transfer this case to the U.S. District Court for the District of Massachusetts is denied.

A separate order has been posted on this date.


_____
/s/
JOHN D. BATES
United States District Judge

Dated:  <u>June 18, 2007</u>

# Attachment B

To
Affidavit of John C. Coots in Support of
Defendant Eli Lilly and Company's
Reply in Support of Its Motion to Transfer

Filed in:
*Suzanne Robinson, et al. v. Eli Lilly and Company*
U.S. District Court for the District of Columbia
Civil Action No. 07-cv-00153-RWR

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
LISA M. DEAN, *et al.*,             )
                                    )
                    Plaintiffs,     )
                                    )
            v.                      )  Civil Action No. 06-1375 (EGS)
                                    )
ELI LILLY & CO.,                    )
                                    )
                    Defendant.      )
_____   )

<u>**ORDER**</u>

For the reasons stated in the accompanying Memorandum
Opinion, it is by the Court hereby

**ORDERED** that defendant's motion to transfer is **GRANTED;** and
it is

**FURTHER ORDERED** that this case is **TRANSFERRED** to the United
States District Court for the District of Massachusetts.

**SO ORDERED.**


Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **June 1, 2007**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LISA M. DEAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 06-1375 (EGS) |
| | ) |
| ELI LILLY & CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiffs Lisa & Jeffrey Dean and Lynn & James Backner bring this products liability action against defendant Eli Lilly and Company ("Eli Lilly"), seeking damages allegedly caused by Eli Lilly's product.  Pending before the Court is defendant's Motion to Transfer Venue to the District of Massachusetts.  Upon consideration of the defendant's motion, the plaintiffs' response, and the reply thereto, the Court **GRANTS** defendant's Motion to Transfer Venue.  For the following reasons, this case shall be transferred to the United States District Court for the District of Massachusetts.

## I.    BACKGROUND

Lisa M. Dean and Lynn Alison Backner, sisters, filed this products liability action in the Superior Court for the District of Columbia, alleging injury stemming from their mother's consumption of DES, a prescription drug manufactured by Eli

Lilly, during pregnancy with the sisters.  The sisters' husbands
joined as co-plaintiffs.  The Deans currently reside in New
Hampshire, and the Backners currently reside in Massachusetts.
The sisters' mother received the prescription for DES from her
physician in Massachusetts and then purchased and ingested the
DES in Massachusetts during her pregnancies.

Eli Lilly, an Indiana corporation, removed the action to
this Court on August 2, 2006, and the case was later referred to
Magistrate Judge Kay for mediation.  On December 19, 2006, Eli
Lilly filed a motion to transfer the case to the United States
District Court for the District of Massachusetts, arguing that
this case has no connection to the District of Columbia.

## II.    LEGAL STANDARD FOR TRANSFER UNDER 28 U.S.C. § 1404(a)

The federal venue transfer statute states that "[f]or the
convenience of the parties and witnesses, in the interest of
justice, a district court may transfer any civil action to any
other district or division where it might have been brought."  28
U.S.C. § 1404(a).  The moving party bears the burden of showing
that transfer under this statute is proper.  *Shenandoah Assocs.
Ltd. P'ship v. Tirana*, 182 F. Supp. 2d 14, 25 (D.D.C. 2001).  The
statute provides for a flexible and individualized analysis that
"place[s] discretion in the district court to adjudicate motions
for transfer according to an 'individualized, case-by-case
consideration of convenience and fairness.'"  *Stewart Org., Inc.*

*v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v.
Barrack*, 376 U.S. 612, 622 (1964)).

To show that transfer would be proper, the defendant must
first establish that the plaintiff could have brought the action
in the proposed transferee district. *Lentz v. Eli Lilly & Co.*,
464 F. Supp. 2d 35, 36 (D.D.C. 2006) (citing *DeLoach v. Philip
Morris Co.*, 132 F. Supp. 2d 22, 24 (D.D.C. 2000)).  Next, the
defendant must show that private- and public-interest factors
weigh in favor of transfer.  *Lentz*, 464 F. Supp. 2d at 37.

## III. THE CASE COULD HAVE BEEN BROUGHT IN THE DISTRICT OF MASSACHUSETTS

Before the Court can transfer a case to another venue, it
must first determine that the action could have been brought in
the proposed transferee district.  *Id.* at 36 (citing *DeLoach*, 132
F. Supp. 2d at 24).  The defendant has shown – and the plaintiffs
do not dispute – that this action could have originally been
filed in the United States District Court for the District of
Massachusetts because subject matter jurisdiction, personal
jurisdiction, and venue would be proper in that forum.  Subject
matter jurisdiction is proper based on diversity of citizenship
under 28 U.S.C. § 1332; the plaintiffs are domiciled in New
Hampshire and Massachusetts, the defendant is domiciled in
Indiana, and the amount in controversy exceeds $75,000.  Personal
jurisdiction would be proper based on Massachusetts' long-arm

statute, which reaches defendants who cause tortious injury in
Massachusetts. *See* Mass. Gen. Laws Ann. ch. 223A, § 3.  Finally,
venue would properly lie in the District of Massachusetts because
a substantial part of the events giving rise to the claim (i.e.,
the prescription, purchase, ingestion, and exposure) occurred in
that district. *See* 28 U.S.C. § 1391(a).  As a result, because
the plaintiffs could have properly brought their claim against
Eli Lilly in the District of Massachusetts, Eli Lilly has met the
threshold showing required for transfer under § 1404(a).

## IV.   THE BALANCE OF PRIVATE AND PUBLIC INTERESTS FAVORS TRANSFER

Once the Court has determined that the action could have
properly been brought in the proposed transferee district, the
Court then must weigh several private- and public-interest
factors to determine if considerations of convenience and
interests of justice support transfer. *Lentz*, 464 F. Supp. 2d at
36-37.  In the case at bar, these factors weigh in favor of
transfer.

### A.   Private-Interest Factors

The Court considers several private-interest factors when
deciding a motion to transfer, including: (1) the plaintiff's
forum choice, (2) the defendant's forum choice, (3) where the
claim arose, (4) the convenience of the parties, (5) the
convenience of the witnesses to the extent that they may be
unavailable for trial in one of the fora, and (6) the ease of

4

access to sources of proof.  *Id.* at 37.

While courts usually defer to a plaintiff's choice of forum
with regard to the first factor, the court will afford
"substantially less deference" to that choice when the plaintiff
does not reside in the chosen forum or when the claim lacks a
substantial connection to the chosen forum.  *Devaughn v.
Inphonic, Inc.*, 403 F. Supp. 2d 68, 72 (D.D.C. 2005) (quoting
*DeLoach*, 132 F. Supp. 2d at 24).  Deference to the plaintiff's
forum choice diminishes further when the defendant seeks transfer
to a forum where the plaintiff resides.  *Lentz*, 464 F. Supp. 2d
at 38 (citing *Citizen Advocates for Responsible Expansion, Inc.
v. Dole*, 561 F. Supp. 1238, 1239 (D.D.C. 1983)).

In the case at bar, none of the plaintiffs reside in the
District of Columbia, and this Court is not convinced that Eli
Lilly's "original industry-wide promotion of DES" and "army of
lobbyists and salespeople" in the District of Columbia, Pls.'
Opp'n at 7, is sufficient to establish any nexus with the
plaintiffs' claims.  Other courts have previously rejected these
same contacts as a sufficient basis to afford deference to the
plaintiff's forum choice.  *See, e.g., Lentz*, 464 F. Supp. 2d at
37.  Furthermore, the plaintiffs' contention that these contacts
"will certainly be an issue" in the event of a trial, Pls.' Opp'n
at 7, is conclusory and fails to show how Eli Lilly's lobbying,
sales, and general promotion of DES within the District of

Columbia are substantially connected to these plaintiffs' claims. While Eli Lilly's District of Columbia activities may be related to DES and the subject matter of the action generally, they are not related to the specific claims, defenses, or facts of this particular case and therefore lack the substantial connection required to afford deference to the plaintiffs' forum choice.

On the other hand, Eli Lilly's Massachusetts activities are substantially connected to the plaintiffs' specific claims because the issues of whether the plaintiffs were exposed to Eli Lilly's product, the extent of the plaintiffs' injuries, and causation all center around Eli Lilly's sale of DES *in Massachusetts*. Because Eli Lilly is seeking transfer from a district where no plaintiffs reside to a district where at least some plaintiffs reside and because there is no substantial connection between the plaintiffs' claims and the District of Columbia, the plaintiffs' forum choice warrants little deference.

The second factor that this Court considers is the defendant's forum choice. Eli Lilly seeks transfer to the District of Massachusetts because of the strong nexus between that district and the facts of this case. This Court finds the defendant's reason for seeking transfer to be legitimate since the operative facts in this case have a strong link to the District of Massachusetts and no substantial link to the District of Columbia.

6

Next, the Court considers where the claims arose. In this case, the plaintiffs' claims arose in Massachusetts because the alleged prescription, purchase, and exposure to DES occurred in that state. Additionally, the discovery of the plaintiffs' injuries, the diagnoses, and the treatments all presumably took place at least in part in Massachusetts since all of the treating physicians are either in Massachusetts or nearby in neighboring states. As a result, this Court finds that this factor weighs in favor of transfer.

As to the fourth factor, the convenience of the parties will be optimized by transferring the case to Massachusetts. While Eli Lilly's representatives presumably will have to fly from the company's headquarters in Indiana regardless of whether the case is transferred, the plaintiffs will have to drive only a short distance if the case is transferred to the District of Massachusetts. However, because the plaintiffs would rather litigate in the District of Columbia rather than in the District of Massachusetts, they appear willing to forego the convenience of a geographically nearby forum. Therefore, this factor is neutral at best or slightly favors transfer.[1]

---

[1]  Both parties are represented by counsel in the District of Columbia, and this fact seems to indicate that convenience of the parties would be optimized by keeping the action in the District of Columbia. However, this fact bears little, if any, weight in a court's determination of whether to transfer under § 1404(a). *See, e.g., McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33, 40 (D.D.C. 2003).

The Court next considers whether the convenience of the witnesses will be optimized by transferring the case to Massachusetts.  This factor is "the most critical factor to examine" under a § 1404(a) motion to transfer.  *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 164 (D.D.C. 1996).  This Court considers the extent to which witnesses may be unavailable for trial in either of the fora as a central component of its analysis in a motion to transfer.  *See Lentz*, 464 F. Supp. 2d at 37; *Devaughn*, 403 F. Supp. 2d at 71.  The defendant accordingly argues that all but two of the fact witnesses are within the subpoena power of the District of Massachusetts, while none of the fact witnesses are within the subpoena power of the District of Columbia.

Although the plaintiffs assert that they are willing to produce the fact witnesses voluntarily, the defendant aptly responds that the plaintiffs cannot force unwilling fact witnesses to appear for depositions or trial.  This Court finds that, even if the fact witnesses do agree to travel to the District of Columbia voluntarily, they will still be inconvenienced by having to travel, and so will their patients back in New England.  *See McClamrock*, 267 F. Supp. 2d at 40.  The Court is unpersuaded that the location of expert witnesses, who are scattered in areas inconvenient to Massachusetts, is relevant in this analysis since the location of fact witnesses is centered in Massachusetts.  *See Froessl v. Expervision*, No. 93-2126 (CRR),

8

1994 WL 149855, at *4 (D.D.C. Apr. 14, 1994) ("[A]lthough the convenience of experts is not irrelevant [in considering a motion to transfer], the Defendant properly points out that their convenience is entitled to little consideration in this context."); see also Lentz, 464 F. Supp. 2d at 37 ("[Expert witnesses] by virtue of their role as paid experts must be prepared to travel to testify and are compensated for doing so . . . ."). Because the vast majority of essential fact witnesses are within the subpoena power of the District of Massachusetts (but not the District of Columbia) and because it will be more convenient for fact witnesses to appear in the District of Massachusetts, this factor favors transfer.

The final private-interest factor the Court weighs is ease of access to sources of proof. Access to proof would be facilitated by transferring this case to the District of Massachusetts because that is where all of the relevant documents (i.e., medical and pharmacy records) are located. While the plaintiffs have already authorized the release of some of their own medical records in response to Eli Lilly's discovery requests, there is no indication that the plaintiffs have been able to provide Eli Lilly with medical records of the mother who ingested the DES or the records of the pharmacy that dispensed the medication. Because the plaintiffs cannot voluntarily provide these remaining documents if the document owners are

9

unwilling to voluntarily provide them, the Court finds that this factor weighs in favor of transfer to the District of Massachusetts, where the document owners can be reached with a subpoena duces tecum if necessary.

### B.    Public-Interest Factors

Having determined that the plaintiffs' forum choice warrants little deference due to the lack of ties between the claim and the District of Columbia and that the other private-interest factors are neutral or favor transfer to the District of Massachusetts, the Court now considers the public-interest factors.  These factors include: (1) the proposed transferee district's familiarity with the governing law, (2) the relative congestion of the transferor and potential transferee courts, and (3) the local interest in adjudicating local controversies at home.  *Lentz*, 464 F. Supp. 2d at 37.  The Court finds that these factors also weigh in favor of transfer.

The first public-interest factor this Court considers is the transferee's familiarity with the governing laws.  Under the District of Columbia's choice of law analysis, the Court must analyze four factors in determining which state's substantive law will apply: (1) where the injury occurred; (2) where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (4) where the relationship to the events is

centered. *Herbert v. District of Columbia*, 808 A.2d 776, 779

(D.C. 2002) (citing Restatement (Second) of Conflict of Laws §

145 cmt. d (1971)). This Court finds, and the plaintiffs do not

dispute,[2] that Massachusetts substantive law will likely apply in

this case because (1) the plaintiffs' injuries occurred in

Massachusetts when they were exposed to DES; (2) the conduct

causing the injuries occurred in Massachusetts, where the mother

purchased and ingested the DES; (3) at least two of the

plaintiffs are domiciled in Massachusetts, and a third resided

there for 34 years; and (4) the relationship to the DES exposure

and the resulting injury is centered in Massachusetts.

Because Massachusetts substantive law more than likely

applies to the plaintiffs' claims, this Court finds that a

Massachusetts court is in the best position to adjudicate this

case. Although the plaintiff asserts that products liability

---

[2] The plaintiffs' statement that "[a] District of Columbia
court is in the best position to interpret the District of
Columbia statute of limitation" is misguided because the
Massachusetts statute of limitations will apply if the case is
transferred. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531
U.S. 497 (2001) (holding that a California statute of limitations
is procedural and not substantive law). If there were any
difference between statutes of limitations for products liability
actions in the District of Columbia and Massachusetts, this fact
might influence whether the action should be transferred;
however, the statute of limitations would be the same – 3 years
from the date of discovery – regardless of whether this action is
adjudicated in the District of Columbia or Massachusetts.
*Compare Gassmann v. Eli Lilly & Co.*, 407 F. Supp. 2d 203, 208-09
(D.D.C. 2005) *with In re Mass. Diet Drug Litig.*, 338 F. Supp. 2d
198, 203 (D. Mass. 2004).

laws in Massachusetts and District of Columbia are "nearly identical," Pls.' Opp'n at 8, the products liability laws of the two jurisdictions are in fact markedly different. For example, while Massachusetts is a modified comparative negligence jurisdiction, *see* Mass. Gen. Laws Ann. ch. 231, § 85, the District of Columbia is a contributory negligence jurisdiction that does not recognize comparative negligence, *District of Columbia v. Washington Hospital Center*, 722 A.2d 332, 336 n.3 (D.C. 1998) (en banc).

The Court now turns to the relative docket congestion of the transferor and potential transferee courts. The plaintiff correctly notes that Magistrate Judge Kay, to whom this case has been referred, is extremely skilled at mediating DES claims and fostering settlement. However, it would be unfair to burden this Court's resources with the plaintiffs' claims given the lack of connection between this lawsuit and the District of Columbia. *See Abramson v. Eli Lilly & Co.*, No. 03-2541 (JDB), slip op. at 4-5 (D.D.C. Oct. 25, 2004) ("[G]iven the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge Kay, with this case."). Furthermore, the District of Massachusetts is fully capable of adjudicating these plaintiffs' claims because that district has had exposure to DES litigation; at least five DES cases have been

transferred there from this district. *See Thompson v. Eli Lilly
& Co.*, No. 03-122 (RBW), slip op. at n.4 (D.D.C. June 27, 2003).
Therefore, assuming that the court calendar for the District of
Massachusetts is no more congested than this district's calendar,
this factor weighs in favor of transfer.

The final factor this Court considers is the local interest
in deciding local controversies. Because the plaintiffs' claims
arose in Massachusetts, the District of Massachusetts has a local
interest in deciding this controversy. Additionally, two of the
plaintiffs are currently Massachusetts citizens (and a third
plaintiff was allegedly exposed to DES while she was a
Massachusetts citizen), and Massachusetts has an interest in
adjudicating the claims of its own citizens under its own tort
law. *See Lentz*, 464 F. Supp. 2d at 38 ("[The transferee district
of] Maine has a greater interest than the District of Columbia in
adjudicating the personal injury claims of Maine citizens under
its own tort law."). Because there is a local interest in
Massachusetts to decide this local controversy in that state, the
Court finds that this factor weighs in favor of transfer.

## V.    CONCLUSION

For the foregoing reasons, the Court concludes that this
case should be transferred to the United States District Court
for the District of Massachusetts. Therefore, defendant's motion

13

to transfer is **GRANTED.**   An appropriate order accompanies this

opinion.

**Signed:**    **EMMET G. SULLIVAN**
             **UNITED STATES DISTRICT JUDGE**
             **June 1, 2007**

**Attachment C**

To
Affidavit of John C. Coots in Support of
Defendant Eli Lilly and Company's
Reply in Support of Its Motion to Transfer

Filed in:
*Suzanne Robinson, et al. v. Eli Lilly and Company*
U.S. District Court for the District of Columbia
Civil Action No. 07-cv-00153-RWR

Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2005 WL 3273429 (D.D.C.)

**(Cite as: Not Reported in F.Supp.2d)**

Cell Genesys, Inc. v. Applied Research Systems ARS Holding, N.V.
D.D.C.,2005.
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
CELL **GENESYS**, INC., Plaintiff,
v.
APPLIED RESEARCH SYSTEMS ARS HOLDING, N.V., Defendant.
**No. Civ.A. 04-1407 JDB.**

Nov. 14, 2005.

Steven B. Kelber, Merchant & Gould, Washington, DC, for plaintiff.
Bradford P. Lyerla, Cullen N. Pendleton, Marshall, Gerstein & Borun LLP, Chicago, IL, & Frank J. West, Oblon, Spivak, McClelland, Maier & Neustadt, Alexandria, VA, Kevin M. Flowers, Marshall, Gerstein & Borun LLP, Chicago, IL, Matthew C. Nielsen, Michael F. Borun, Sandip H. Patel, William K. Merkel, Marshall, Gerstein & Borun LLP, Chicago, IL, Charles L. Gholz, Oblon, Spivak, McClelland, Maier & Neustadt, P.C., Alexandria, VA, for defendant.

*MEMORANDUM OPINION*
BATES, J.
**\*1** On January 18, 2005, this Court issued a decision denying the motion of defendant Applied Research Systems ARS Holding, N.V. (" ARS" ) to transfer this action to the United States District Court for the District of Massachusetts, where a parallel patent interference action brought by ARS is pending. The Court assessed the various public and private factors relevant to transfer

pursuant to 28 U.S.C. § 1404(a), and concluded that although the issue was close, a sufficiently strong case for transfer was not presented. However, the Court noted that " judicial economy remains a very important consideration," that " duplicative parallel proceedings in the two courts should be avoided if at all possible," and that accordingly " considerations of judicial economy constitute the governing factor relating to transfer under the circumstances of this case." Mem. Op. (Jan. 18, 2005) at 11-13.

At that time, it was uncertain whether the District of Massachusetts action would proceed there in light of a personal jurisdiction issue with respect to Cell Genesys, Inc. (" CGI" ), the plaintiff in this Court and the defendant in the Massachusetts action. The issue was pending before Judge Wolf in the District of Massachusetts. This Court noted that " if Judge Wolf were to decide that there is personal jurisdiction over CGI in the District of Massachusetts, no apparent impediment to transfer of this case to the District of Massachusetts remains." Mem. Op. (Jan. 18, 2005) at 12.

Judge Wolf has now denied CGI's motion to dismiss, finding that CGI is subject to general personal jurisdiction in Massachusetts based on the number and significance of CGI's business relationships with Massachusetts companies as well as research and clinical trial relationships with Massachusetts entities. *See* ARS Supp'l Brief in Support of Transfer, Ex. B (Tr. of Oct. 18, 2005 Motion Hearing) at 50-57 (" Ex.B" ). Judge Wolf concluded that the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 2

Not Reported in F.Supp.2d, 2005 WL 3273429 (D.D.C.)

**(Cite as: Not Reported in F.Supp.2d)**

collective contacts with Massachusetts in eight distinct ways were " regular, continuous, and systematic," and hence sufficient to establish personal jurisdiction. *Id.* at 54.

On October 20, 2005, Judge Wolf stayed ARS's action against CGI in the District of Massachusetts to enable this Court to reexamine the transfer issue. ARS Supp'l Brief in Support of Transfer, Ex. C (Order dated Oct. 20, 2005) at 1-2; *see* Ex. B at 59. He also made several observations at the motion hearing to assist the transfer analysis. He observed that he does " not object to the transfer of the District of Columbia interference case to Massachusetts," [FN1] that this Court should not assume that he has greater expertise in interference issues, and that " [i]t may be most efficient to have one judge handle all of the issues relating to the patent if one judge has jurisdiction over all the parties. Judge Bates, as I understand it, does not have and cannot get jurisdiction over TKT." Ex. B at 59-60.[FN2] He went on to state that if this case were transferred there, " it would be my intention to maintain Judge Bates' schedule.... [A] transfer should not entail any delay or any material delay." *Id.* at 60.

> FN1. Judge Wolf noted that there was some risk that, based on further evidence, he could later conclude that there was no personal jurisdiction in Massachusetts, in which event the case would have to be transferred back here. *See* Ex. B at 59.

> FN2. TransKaryotic Therapies, Inc. (" TKT" ) is the defendant in a pending patent infringement action brought by ARS and joined with

ARS's interference action against CGI in the District of Massachusetts. There is no dispute that this Court would not have personal jurisdiction over TKT.

**\*2** ARS has now reasserted its request for transfer of this case to the District of Massachusetts and this Court has requested and received further briefing from the parties. Several reasons lead the Court to conclude that transfer is the better course at this time. The basic framework for analysis remains as described in the Court's January 18, 2005 decision. A few factors may have changed slightly-for example, reliance on Judge Wolf's expertise may not be warranted with respect to interference issues-but the conclusion to transfer rests primarily on three considerations.

*First,* and foremost, judicial economy is still the overriding concern, and now strongly favors transfer. As both this Court and Judge Wolf have recognized, transferring this case to the District of Massachusetts will avoid duplicative proceedings requiring two judges to expend considerable time and effort to learn the scientific and patent-law issues involved in these actions. The interference cases will involve the same facts, law and issues. Moreover, there will be substantial overlap in facts and issues between the interference case and the related infringement action against TKT, which can only proceed in Massachusetts. Accordingly, considerations of judicial economy, which are an overriding factor, strongly support transfer of this case to the District of Massachusetts. *See* Mem. Op. (Jan. 18, 2005) at 11-13.

CGI's assertion that concerns over judicial economy have been satisfied is not

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2005 WL 3273429 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

convincing. Although Judge Wolf has indicated that he will stay the Massachusetts interference case if this case is not transferred, retaining the interference action here would likely mean that, in addition to this Court's efforts, Judge Wolf would also have to become fully versed in the legal, scientific and factual background and issues in the context of the TKT infringement action, which can only be litigated in Massachusetts, not here. That would be an inefficient result.

*Second,* Massachusetts plainly has a greater interest in this matter than does the District of Columbia. Judge Wolf's ruling that CGI is subject to general personal jurisdiction in Massachusetts confirms that CGI has had a continuous, substantial business presence in Massachusetts and that the resolution of the case will significantly affect TKT's business interests in Massachusetts. On the other hand, as this Court has previously noted, the District of Columbia has no connection whatsoever with this action.

CGI's pledge that it will again seek on summary judgment to convince Judge Wolf that it is not subject to personal jurisdiction in Massachusetts is not a reason for this Court to deny transfer. It is not at all clear that CGI can make the necessary showing on the facts that it has no substantial connections to Massachusetts, and it certainly has not yet done so.[FN3] The possibility of such an approach by CGI is not enough, and if CGI chooses that course then presumably ARS could seek jurisdictional discovery, which to date has not been available to ARS. In any event, this Court is disinclined to deny transfer based on CGI's threat to continue its challenge to personal jurisdiction in Massachusetts and its speculation about the outcome of that threatened challenge.

> FN3. CGI has focused solely on its clinical trials in Massachusetts, but has not addressed the other CGI connections to Massachusetts noted, and relied upon, by Judge Wolf.

**\*3** *Third,* transfer will not result in any delay or prejudice to CGI. Judge Wolf has stated that he intends to maintain the current discovery schedule, and therefore that " a transfer should not entail any delay or any material delay." In fact, little discovery has actually occurred according to ARS, and any exchange of documents accomplished to date in this action can certainly be used in the District of Massachusetts in the combined interference action. Hence, the fact that this action is further along the litigation trail should not result in any delay or prejudice upon transfer, because the greater " maturity" of this case noted by CGI will go to Massachusetts with the transfer in light of Judge Wolf's observations.

Therefore, for all these reasons-especially considerations of judicial economy-and taking into account the public and private factors assessed in the Court's previous decision, ARS's motion to transfer pursuant to 28 U.S.C. § 1404(a) will be granted. This case will accordingly be transferred to the United States District Court for the District of Massachusetts. A separate order has been issued on this date.

D.D.C.,2005.
Cell Genesys, Inc. v. Applied Research Systems ARS Holding, N.V.
Not Reported in F.Supp.2d, 2005 WL 3273429 (D.D.C.)
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Attachment D

To
Affidavit of John C. Coots in Support of
Defendant Eli Lilly and Company's
Reply in Support of Its Motion to Transfer

Filed in:
*Suzanne Robinson, et al. v. Eli Lilly and Company*
U.S. District Court for the District of Columbia
Civil Action No. 07-cv-00153-RWR

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS,                              )
                                                                       )
                    Plaintiff,                               )
                                                                       )          Civil Action No.: 07-1318 (HHK)
           v.                                                   )          Next Event:
                                                                       )
ELI LILLY AND COMPANY, et al.,                )
                                                                       )
                    Defendants.                          )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFF'S MOTION TO TRANSFER TO**
**THE EASTERN DISTRICT OF NEW YORK**

COMES NOW Plaintiff Connie Franco Pavlicas, through counsel, and moves under 28 U.S.C. § 1404(a) to transfer this cause of action to the Eastern District of New York, and as grounds therefore states:

1.       This is a products liability and personal injury case for injuries sustained by Plaintiff including, but not limited to, uterine abnormalities as a result of her embryonic exposure to diethylstilbestrol ("DES").

2.       Plaintiff was born in New York and resided the first seventeen years of her life in Commack, New York, which is in the Eastern District of New York.

3.       Plaintiff's mother procured the DES in question from a doctor's office in New York City.

3.       From 1997 to 2005, Plaintiff suffered her injuries while living in various cities in the Eastern District of New York.

4.       Plaintiff's treating physicians for her injuries are all in New York, all but two are in the Eastern District of New York.

5.       Although Plaintiff is now a resident of California, Plaintiff filed this case when she was a New York resident.

6.    New York law applies to this case.  All DES cases in the Eastern District of New York are handled by Judge Jack Weinstein, who has adjudicated hundreds of DES cases involving New York law.  The Eastern District of New York is a more appropriate jurisdiction to determine New York decisional law.

7.    This case was removed to this Court on July 20, 2007.

8.    At the time this case was removed, discovery was about to close.  Defendant Eli Lilly and Company has noted depositions of two of Plaintiff's treating physicians from the Eastern District of New York.  Any federal court hearing this case will be hearing it for little more than pretrial motions and trial.

9.    The facts adduced during discovery demonstrate that the District of Columbia's contacts with this case are not as strong as the contacts clustered in the Eastern District of New York.

WHEREFORE, for the above reasons, the reasons stated in the attached Memorandum of Points and Authorities, and for good cause shown, Plaintiff respectfully requests that this action be transferred to the Eastern District of New York.

Respectfully submitted,


/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
202-833-8040

Counsel for Plaintiff

2

## <u>LCvR 7.1(m) CERTIFICATION</u>

Plaintiff requested consent for this motion from defendants Eli Lilly and Company,

Person & Covey, GlaxoSmithKline, and Mallinckrodt.  Defendants Lilly, GlaxoSmithKline, and

Mallinckrodt have refused consent.  As of this date, counsel for Defendant Person & Covey has

not responded to Plaintiff's request.

_____/s/ Aaron M. Levine_____
Aaron M. Levine

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS,                )
                                       )
        Plaintiff,                     )
                                       )        Civil Action No.: 07-1318 (HHK)
        v.                             )        Next Event:
                                       )
ELI LILLY AND COMPANY, et al.,         )
                                       )
        Defendants.                    )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HER MOTION TO TRANSFER TO
THE EASTERN DISTRICT OF NEW YORK**

## I.    INTRODUCTION

Plaintiff Connie Pavlicas brought this suit to compensate for infertility and other injuries caused by Plaintiff's exposure *in utero* to diethylstilbestrol ("DES") in the state of New York. New York is the most appropriate location for trial of this case, both for the convenience of the witnesses and for the interests of justice.

For the vast majority of her life, Plaintiff and her mother lived in the Eastern District of New York. See Plaintiff's Responses to Defendants' Uniform Requests for Information, pgs. 2-3, attached as Appendix 1. Plaintiff was exposed to DES purchased and ingested in the state of New York. See Plaintiff's Responses, pg. 6, App. 1. The majority of Plaintiff's diagnosing and treating physicians practice in the Eastern District of New York; the remainder practice in New York City, well within the subpoena power of the Eastern District. See Plaintiff's Responses, pg. 7, App. 1. Plaintiff was a resident of the Eastern District of New York when she filed this suit, and asserts claims under New York law. See Complaint, App. 2.

In Albin v. Eli Lilly and Co., Civil Action No. 04-986 (D.D.C. July 30, 2004), attached as App. 3, the District Court for the District of Columbia granted a DES plaintiff's motion to transfer to the Eastern District of New York where the plaintiff's exposure and some of her medical treatment took place in New York, although the plaintiff was a Canadian resident. Here, Plaintiff's connection to New York is stronger than that in Albin; transfer therefore should be granted.

## II.    STANDARD ON MOTION TO TRANSFER

A transfer under 28 U.S.C. § 1404(a) is to any district where the action might have been brought. Plaintiff could have initially brought this suit in the Eastern District of New York. All defendants are corporations, which are deemed to reside in any district which can exercise personal jurisdiction over them. See 28 U.S.C. § 1391(c). A plaintiff may sue in any district that a defendant resides, if all defendants reside within a state. See 28 U.S.C. § 1391(a)(1).

In diversity, a District Court has the same jurisdiction as the state court in the same area. Defendants either currently conduct significant business within the state to subject them to jurisdiction or are subject to jurisdiction by virtue of having committed a tortious act against Plaintiff in New York, see N.Y. C.P.L.R. § 302. As all Defendants are subject to jurisdiction, and therefore reside, in the Eastern District of New York, this case could be transferred there.

The standard for transfer of venue as set forth by statute is "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), but "[c]ourts have considered various other factors, including the private interests of the parties and the public interests of the court" in construing § 1404. Trout Unlimited v. United States Dep't of Ag., 944 F. Supp. 13, 16 (D.D.C. 1996).

The private interest considerations include, but are not limited to the (1) plaintiff's choice of forum, (2) the defendants' choice of forum, (3) whether the claim arose elsewhere, (4) the convenience of the parties, (5) the convenience of the witnesses, and (6) the ease of access to sources of proof. Trout Unlimited, 944 F. Supp. at 16. The public interest considerations include (1) the familiarity of the transferee forum with the governing laws, (2) the relative congestion of the court calendars, and (3) the local interest in deciding local controversies at home. Id.

### III.    THE EASTERN DISTRICT OF NEW YORK IS MOST CONVENIENT FOR THE WITNESSES

The courts "must afford some deference" to Plaintiffs' choice of forum. Trout Unlimited, 944 F. Supp. at 17. Here, Plaintiffs elect to transfer; the weight of this factor is therefore not in favor of maintaining the present forum. When the current forum has few meaningful ties to or interest in a lawsuit, the court must be "especially cautious" in allowing a case to remain there. Trout Unlimited, 944 F. Supp. at 17. If the forum is not the plaintiff's home forum, and the injury and initial treatment occurred elsewhere, the balance of interests is in favor of transfer. Brannen v. National R.R. Passenger Corp., 403 F. Supp. 2d 89, 93 (D.D.C. 2005) (holding Maryland a more convenient forum where Texas residents were injured in Maryland and received treatment there). This is a New York products liability case where no parties are residents of the District of Columbia. The balance of interests favors transfer to a New York court.

The convenience of witnesses is often considered the most important factor in evaluating a motion to transfer. Altamont Pharmacy, Inc. v. Abbott Lab's, No. 94 C. 6282, 2002 U.S. Dist. LEXIS 759 at *7 (N.D. Ill. 2002), attached as App. 3. In evaluating the convenience of the witnesses, the court considers a number of factors, including "(1) the number of witnesses

3

located in each district; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for the attendance of witnesses; and (5) the situs of the material events." 2002 U.S. Dist. LEXIS 759 at *6-7 (N.D. Ill. 2002). Here, there are no witnesses in the District of Columbia. Within the subpoena power of the Eastern District of New York are all witnesses and documents relevant to Plaintiff's medical treatment. For example, on August 16, 2007, Defendants will take the deposition of two of Plaintiff's treating physicians in the Eastern District of New York. See Amended Notice of Deposition of Burton Krumholz, M.D. App. 4; Amended Notice of Deposition of David L. Rosenfeld, M.D., App. 5. The Eastern District of New York is also the site of the material events involving these witnesses, including Plaintiff's medical treatment. The Eastern District of New York is the more convenient jurisdiction.

A witness's inconvenience is material when the inconvenience may make the witness unavailable to testify. Brannen, 403 F. Supp. 2d at 94. While Plaintiff's mother is not available for subpoena by either the District of Columbia or the Eastern District of New York, she will appear without subpoena; Plantiff's mother has already appeared in Washington, D.C. to be deposed by Defendants' counsel. Plaintiff's mother is therefore not inconvenienced by transfer to the Eastern District of New York.

Conversely, it will be more inconvenient to require Plaintiff's treating doctors to leave New York to testify in the District of Columbia. Should any of them need to be subpoenaed, this Court does not have the power to do so, unlike the Eastern District of New York.

## IV.  THE EASTERN DISTRICT OF NEW YORK IS THE MOST APPROPRIATE FORUM FOR THE INTERESTS OF JUSTICE

The Eastern District of New York is a much better forum regarding the local interest factors. "Controversies should be resolved in the locale where they arise." Trout Unlimited, 944

F. Supp. at 19. In a diversity case, the public interest factors weigh in favor of having a jury

apply its local laws. See Brannen, 403 F. Supp. 2d at 96. As the Supreme Court noted:

> We pay great deference to the views of the judges of those courts
> who are familiar with the intricacies and trends of local law and
> practice . . .

Bishop v. Wood, 426 U.S. 341, 346 n. 10 (1976).

This Court has no close connection with this case. Although discovery is all but closed

in this case, the case was removed July 20, 2007 and this Court has not yet occupied itself with

the disposition of this case.

New York, the place of Plaintiff's exposure to DES, applies a market share theory to

DES cases. See Hymowitz v. Eli Lilly, 539 N.E.2d 1069 (N.Y. 1989). The Eastern District of

New York has extensive experience in applying New York law regarding DES cases. See, e.g.,

In re DES Cases, 789 F. Supp. 552 (E.D.N.Y. 1992) (discussing New York's DES cases in detail

in reference to consolidated DES litigation). The case would be assigned to Judge Jack

Weinstein, who has a Standing Order referring all Eastern District DES cases to him. Judge

Weinstein has extensive experience in handling DES cases. See In re DES Cases, supra. The

Eastern District of New York is the best district to interpret the market share law underpinning

this case.

## IV. CONCLUSION

The Eastern District of New York is a more appropriate venue for this case. It has

subpoena power over witnesses and documents relevant to Plaintiff Connie Pavlicas's exposure

to DES and has more experience with the governing law. Therefore, Plaintiff requests to transfer

this case to the Eastern District of New York.

Respectfully submitted,


/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
202-833-8040

Counsel for Plaintiff