```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                            )
SUZANNE R. ROBINSON et al., )
                            )
        Plaintiffs,         )
                            )
        v.                  )   Civil Action No. 07-153 (RWR)
                            )
ELI LILLY AND COMPANY,      )
                            )
        Defendant.          )
_____)
```

**MEMORANDUM OPINION AND ORDER**

In this case involving claims for negligence and product liability, among others, defendant Eli Lilly and Company ("Lilly") has moved to transfer the action to the United States District Court for the District of Massachusetts for the convenience of the parties and witnesses, in the interest of justice. Plaintiffs Suzanne and Joseph Robinson ("the Robinsons") oppose the transfer. Because Lilly has not demonstrated that the balance of private and public interests weighs in favor of transfer, the motion will be denied.

BACKGROUND

The complaint alleges that Suzanne Robinson ("Suzanne") was exposed to diethylstilbestrol ("DES") in utero, resulting in "uterine and cervical malformations, miscarriage, infertility, inability to carry a child to term, . . . medical expenses for care and treatment, . . . physical and mental pain," deprivation of "the family she desired" (Compl. ¶ 4), and loss of consortium

-2-

for her husband, Joseph Robinson.  Lilly, an Indiana corporation, allegedly failed to adequately "test" DES, failed "to heed and report adverse studies regarding the safety and efficacy of DES," failed to "warn" of its dangers, and "over-promot[ed]" the drug which was an unreasonably dangerous and defective drug when used for its advertised and intended purpose.  (Id. ¶¶ 5, 7, 10.) According to the complaint, in order to obtain approval to market the drug, Lilly "met with and conspired with numerous pharmaceutical manufacturers" and "spear-headed industry-wide conferences . . . to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety.  These meetings, conferences and agreements occurred in the District of Columbia."  (Id. ¶ 2.)

   Suzanne's mother lived in Massachusetts when she was pregnant with Suzanne.  She purchased and ingested the DES in Massachusetts and still lives there.  On pain of dismissal, the plaintiffs have guaranteed her availability at trial in the District of Columbia.  The physician who prescribed DES to Suzanne's mother is deceased.  Suzanne was born in Massachusetts and lived there a substantial part of her life.  Two of Suzanne's former gynecologists, Doctors Kenler and Villanueva, also reside in Massachusetts, but these doctors treated her before she was aware of her alleged DES-related injuries.

-3-

The Robinsons now live in Connecticut.  The two physicians who most recently have provided gynecological care and treatment to Suzanne and are most familiar with her injuries and symptoms, Doctors Sheets and Flaherty, reside in Connecticut.  The Connecticut doctors may be within the subpoena power of the district court in Massachusetts,[1] but the plaintiffs have guaranteed that the doctors will appear at trial in the District of Columbia.

The likely expert witnesses for the parties are dispersed across several states along the eastern seaboard and in Kansas. Medical records for Suzanne and her mother, and documents relating to Lilly's conduct in lobbying, promoting and seeking FDA approval for DES are also dispersed in multiple locations around the country.

## DISCUSSION

A court may transfer a case "for the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a). The moving party has the burden of persuasion, and must show that transfer is "'justified by particular circumstances that render the transferor forum inappropriate by reference to the considerations specified in that statute.'"  SEC v. Savoy Indus. Inc., 587 F.2d 1149, 1154 (D.C. Cir. 1978) (quoting Starnes v.

---

[1] The parties dispute whether Dr. Sheets' office falls just within or just outside of the 100 mile subpoena reach of the United States District Court for the District of Massachusetts.

-4-

McGuire, 512 F.2d 918, 925 (1974)).  A court has broad discretion to decide whether transfer from one jurisdiction to another is warranted for the convenience of the parties and witnesses.  Id.

Any transfer under § 1404(a) is restricted to a venue where the action "might have been brought."  See 28 U.S.C. § 1404(a).  After determining that venue in the proposed transferee district would be proper, a court then "must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to [the] private concerns [of the parties], come under the heading of 'the interest of justice.'"  Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988).  Because "it is perhaps impossible to develop any fixed general rules on when cases should be transferred[,] . . . the proper technique to be employed is a factually analytical, case-by-case determination of convenience and fairness."  Savoy Indus., 587 F.2d at 1154  (internal quotation marks and citations omitted).  Private interest factors to consider typically include things such as each party's choice of forum, where the claim arose, the convenience of the parties, the convenience of the witnesses, particularly if important witnesses may actually be unavailable to give live testimony in one of the trial districts, and the availability and ease of access to sources of proof.  Montgomery v. STG Int'l, Inc., Civil Action No. 07-1240 (RWR), 2008 WL 25012, at *2 & n.5 (D.D.C. Jan. 30,

-5-

2008). Public interest factors may include the local interest in making local decisions about local controversies, the potential transferee court's familiarity with the applicable law, and the congestion of the transferee court compared to that of the transferor court. Akiachak Native Community v. Dep't of the Interior, 502 F. Supp. 2d 64, 67 (D.D.C. 2007).

I.  VENUE IN MASSACHUSETTS

There is no dispute that this diversity jurisdiction action could have been brought in the District of Massachusetts. See 28 U.S.C. § 1391(a)(1) and (2) (venue may lie where the sole defendant resides, or where "a substantial part of the events or omissions giving rise to the claim occurred"); see also 28 U.S.C. 1391(c) (defining residency for purposes of venue).

II. PRIVATE FACTORS

A plaintiff's choice of forum, generally accorded substantial weight, is due less deference when it is not the plaintiff's home forum. Friends for All Children, Inc. v. Lockheed Aircraft Corp., 717 F.2d 602, 605 n.5 (D.C. Cir. 1983) (noting that deference to the plaintiff's choice is diminished when it is not the home forum) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981)). The District of Columbia is not the Robinsons' home forum, and their choice is thus not entitled to overriding deference.

-6-

The weight given a plaintiff's choice is further diminished if the chosen forum has "no meaningful ties to the controversy and no particular interest in the parties or subject matter." Nat'l Wildlife Federation v. Harvey, 437 F. Supp. 2d 42, 46 (D.D.C. 2006) (internal quotation marks and citation omitted). Lilly contends that the District of Columbia has "absolutely no connection" to the controversy. (Mot. at 1.) The Robinsons counter that the District of Columbia is the location of the defendant's tortious conduct that led to government approval of DES and eventually to Suzanne's injuries. (Opp'n at 10.) Thus, the Robinsons' allegations involve nearly as much connection to this forum as they do to the District of Massachusetts. Accordingly, the Robinsons' choice of forum is due some deference, although not as much as it would be due if this forum were also their home forum.

Lilly maintains that the Robinsons' claims arose in Massachusetts where Suzanne's in utero exposure occurred. The Robinsons argue that their claims arose in part from Lilly's tortious lobbying efforts in the Dsitrict of Columbia to obtain FDA approval for DES. This factor favors neither district.

Lilly has not shown that the convenience of the parties favors transfer to Massachusetts. The Robinsons selected this forum, and Lilly has neither articulated nor demonstrated

-7-

hardship for it as a corporate party to have to travel to this district for these proceedings.

In this case, there is no single forum convenient to all or a majority of identified or critical witnesses.  Potential key fact and expert witnesses reside in several states along the East Coast from Massachusetts to Florida, and elsewhere.  On pain of default, the Robinsons have guaranteed the appearance of critical witnesses for the plaintiffs who may be beyond the subpoena power of this court.  By contrast, Lilly has presented no evidence that any lay or expert witnesses will refuse to appear in this district for trial or cannot have their testimony preserved by videotaped deposition.  Thus, the availability of, or ease of access to, sources of testimonial proof is no better in the District of Massachusetts than it is here.  There is no claim that any of the experts' availability hinges on the forum chosen. There is no indication that any relevant medical records or other documents have not already been produced or made available to the parties, or that documents will be more readily available if the case is transferred.  In sum, Lilly has not made a convincing case that this forum is inappropriate or that the District of Massachusetts will be, on balance, a more convenient forum even for the witnesses who are beyond the subpoena power of either district.  See Savoy Indus., 587 F.2d at 1154 (stating that

-8-

movant must show that the transferor forum is "inappropriate by reference to the considerations specified" in § 1404(a)).

## III. PUBLIC FACTORS

Lilly, asserting that Massachusetts substantive law will govern the claims, argues that because a federal court in Massachusetts is likely to have more familiarity with the law to be applied, this factor weighs in favor of transfer.  The Robinsons maintain that it is not clear which jurisdiction's substantive law will apply.

Whether the case is transferred or not, the District of Columbia's choice of law rules will apply.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941) (holding that a federal court exercising diversity jurisdiction must follow the choice of law rules of the forum state); Van Dusen v. Barrack, 376 U.S. 612, 639 (1964) (holding that a transferee court must apply the state law that would have been applied if there had been no change of venue).  As the District of Columbia's highest court has explained that

> [i]n determining which jurisdiction's law to apply in a tort case, we use the "governmental interests" analysis, under which we evaluate the governmental policies underlying the applicable laws and determine which jurisdiction's policy would be more advanced by the application of its law to the facts of the case under review.  As part of this analysis we also consider the four factors enumerated in the Restatement (Second) of Conflict of Laws § 145 [1971]:  (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of

-9-

> incorporation and place of business of the parties; and
> (d) the place where the relationship is centered. . . .
> When both jurisdictions have an interest in applying
> their own laws to the facts of the case, the forum law
> will be applied unless the foreign jurisdiction has a
> greater interest in the controversy.

Drs. Groover, Christie & Merritt v. Burke, 917 A.2d 1110, 1117 (D.C. 2007) (quotation marks, brackets in the original, and citations omitted).  In the District of Columbia, when "the location of the injury may be described as 'fortuitous,'" the place where the injury occurred does not compel the outcome in the choice of law.  Kaiser-Georgetown Cmty. Health Plan, Inc., v. Stutsman, 491 A.2d 502, 508 (D.C. 1985).  See also Restatement (Second) Choice of Laws § 145 cmt on subsec. (2) (noting situations where the place of injury will not be key to the selection of the applicable law, such as when "the place of injury can be said to be fortuitous or when . . . it bears little relation to the occurrence and the parties with respect to the particular issue," when it is a "case of fraud and misrepresentation," where "there may be little reason in logic or persuasiveness to say that one state rather than another is the place of injury," or when "the defendant had little, or no, reason to foresee that his act would result in injury in the particular state").

The theory of the torts alleged here places the injury in Massachusetts, but the tortious conduct in the District of Columbia and perhaps also at Lilly's headquarters in Indiana.

-10-

While it is possible that Massachusetts substantive law will apply, it is as likely at this stage that District of Columbia substantive law will apply given the plaintiffs' theory of tortious conduct occurring in this jurisdiction.  On the facts alleged here, Lilly has not shown that it is more likely than not that the transferee forum would have more familiarity with the applicable law.

   Local interest in deciding local controversies is a factor a court may take into consideration in making a transfer determination.  Lilly has assumed that the place of injury defines the local interest, and argues that Massachusetts, but not the District of Columbia, has an interest in this controversy.  The Robinsons, citing <u>Ingram v. Eli Lilly & Co.</u>, 251 F. Supp. 2d 1, 6 (D.D.C. 1996), argue that there is nothing uniquely local about DES cases sufficient to return a DES case to the district where the DES was ingested.  The particular facts of the tort alleged prevent interest in this controversy from being local or centered in just one district.  Taking the allegations here at face value, Massachusetts' interest in this controversy was arguably at it greatest more than 40 years ago, at the time a baby female was born with uterine and cervical abnormalities that would prevent her from ever bearing a child.  Even at that point, however, either the District of Columbia, where the alleged conspiracy to over-promote and conceal adverse studies occurred,

-11-

or Indiana, the site of Lilly's headquarters, may have had an equally strong interest in this case.  Now, even Connecticut has an arguable interest, given that the alleged tort victims reside there.  Lilly has not shown that this forum is an inappropriate choice compared to the District of Massachusetts with respect to the local interest in this case.

Neither party has addressed the relative docket congestion of the respective fora, leaving this factor favoring neither district.[2]

## CONCLUSION AND ORDER

The Robinsons' chosen forum is not their home, but one in which significant portions of the alleged tortious conduct occurred.  Their forum choice is entitled to some, albeit not overriding, deference.  Lilly has not demonstrated, in light of the particular facts alleged, that this forum is inappropriate for the convenience of the parties and witnesses, or that the balance of private and public interests warrants transferring this case to the District of Massachusetts.  Accordingly, it is hereby

---

[2] Both parties mentioned the experience and expertise of Magistrate Judge Alan Kay of this district in mediating and settling DES cases.  This factor would not weigh in favor of transferring this case to the District of Massachusetts.

-12-

ORDERED that Lilly's motion [16] to transfer venue to the United States District Court for the District of Massachusetts be, and hereby is, DENIED.

SIGNED this 26th day of February, 2008.

```
                              /s/
                    RICHARD W. ROBERTS
                    United States District Judge
```